**UNITED STATES of America,**
**Plaintiff,**

v.

**CHAMPIONSHIP SPORTS, INC.,** a New York corporation, Championship Sports, Inc., an Illinois corporation, Championship Sports, Inc., a Massachusetts corporation, Graff, Reiner & Smith Enterprises, Inc., a Nevada corporation, Charles Liston and Floyd Patterson, Defendants.

**No. 62 Civ. 3936.**

United States District Court
S. D. New York.
March 8, 1968.

Robert M. Morgenthau, U. S. Atty. Southern District of New York, for plaintiff; Irwin B. Robbins, Asst. U. S. Atty., John J. McCarthy, Atty., Dept. of Justice, of counsel.

Bruno Schachner, New York City, for Championship Sports, Inc., a New York corporation, Championship Sports, Inc., an Illinois corporation, Championship Sports, Inc., a Massachusetts corporation, defendants.

Nierenberg, Glixon, Zeif & Weinstein, New York City, for defendant Floyd Patterson; Gerard Nierenberg, Saul Weinstein, New York City, of counsel.

H. Donald Busch, New York City, for defendant Charles Liston.

## OPINION

LEVET, District Judge.

The United States of America, plaintiff in the above-entitled action, moves under Rule 12, Fed.R.Civ.P., to dismiss the respective counterclaims of defendants Championship Sports, Inc., a New York corporation ("CSI NY"), Championship Sports, Inc., an Illinois corporation ("CSI Ill") and Championship Sports, Inc., a Massachusetts corporation ("CSI Mass") upon the ground of lack of jurisdiction. The United States also moves under Rule 56, Fed.R.Civ.P., for summary judgment dismissing the counterclaims of defendants Charles Liston and Floyd Patterson. Patterson, in turn, moves for summary judgment in his favor on his counterclaim against the United States. Finally, the CSI defendants move to dismiss the cross-claim of Patterson for lack of jurisdiction and to sever the cross-claim of Liston.

## BACKGROUND

The complaint of plaintiff, United States of America, filed November 30, 1962, grows out of the promotion by defendants CSI NY of the championship boxing match on September 25, 1962 between Floyd Patterson and Charles Liston pursuant to certain contracts between Patterson, Liston and the CSI defend-

ants. The complaint alleges in substance:

(1) Termination of CSI NY's taxable year on September 25, 1962 under IRC § 6851; determination of its tax liability; demand for payment; and non-payment;

(2) Levy under IRC § 6331 on the ancillary receipts from the fight to satisfy an assessment, now abated, against Graff, Reiner & Smith Enterprises, Inc.;

(3) A demand that this court declare the seized funds to be the property of CSI NY and foreclose on those funds the lien of the United States which encumbers the property of CSI NY.

On December 31, 1962, all parties, except Liston, entered into a stipulation, the pertinent parts of which appear later in this opinion. By stipulation of January 30, 1963, Liston agreed to be bound by the stipulation of December 31, 1962.

On June 20, 1963, the Internal Revenue Service received income tax returns from CSI NY and CSI Mass for the fiscal year ending May 31, 1963. According to the affidavit of counsel for the United States, the Internal Revenue Service received no income tax return for fiscal year 1963 from CSI Ill and counsel for CSI Ill is unable to state that any return was filed.

On or about August 12, 1966, the District Director of Internal Revenue issued notices of deficiency to CSI NY and CSI Mass. Thereafter, on or about November 7, 1966, CSI NY and CSI Mass filed petitions in the Tax Court of the United States asking for redetermination of the deficiencies asserted in the notices of deficiency.

By notice of motion filed October 3, 1967, the three CSI defendants moved to dismiss (on consent) Graff, Reiner & Smith Enterprises, Inc. as a defendant, to dismiss the cross-claim of Patterson, to sever the cross-claim of Liston, and for leave to file an amended answer. By order filed October 27, 1967, this court dismissed Graff, Reiner & Smith Enterprises, Inc. as a defendant and

granted leave to file an amended answer. The amended answer, containing the counterclaims which are the object of plaintiff's motion to dismiss, was filed on November 9, 1967.

### COUNTERCLAIMS OF CSI NY and CSI ILL.

■ It is well-settled law that a suit for refund of taxes must be based on a claim previously filed with the Commissioner. Rogan v. Ferry, 154 F.2d 974 (9th Cir. 1946); Zeeman v. United States, 275 F.Supp. 235 (S.D.N.Y.1967).

Section 7422(a) of the Internal Revenue Code of 1954 states in its pertinent part as follows:

"No suit or proceeding shall be maintained in any court for the recovery of any * * * tax alleged to have been erroneously * * * collected, * * * until a claim for refund or credit has been duly filed with the Secretary or his delegate * * *."

Failure to file a claim is, therefore, a fundamental defect in jurisdiction of the district court and it may not proceed to hear such suit.

■ Apparently, CSI NY contends that its return for the fiscal year ending May 31, 1963 constituted such a claim. Actually, the return in question contained nothing but the word "inactive" spread vertically along the columns set aside for the recording of gross income and deductions and a "0" in item 32 entitled "Credits." Moreover, Treas.Reg. § 301.6402–3 states, in pertinent part, as follows:

"(a) In the case of income tax, claims for refund may not only be made on Form 843 but may also be made on any individual, fiduciary, or corporation income tax return * * * or on any amended income tax return.

"(b) A properly executed individual * * * income tax return shall, *at the election of the taxpayer,* constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of

the payment disclosed by such return. * * * *An election to treat the return as a claim for refund or credit shall be evidenced by a statement on the return setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return is filed. * * * * "* (Emphasis supplied)

No election of refund or credit, as above required, was made by the taxpayer; nothing is marked in item 35 which calls upon the taxpayer to "Enter amount of line 34 [over payment] you want: Credited on 1963 estimated tax [or] Refunded." Thus, the tax return of CSI NY for the fiscal year ending May 31, 1963 was not a claim for refund and it cannot be construed to constitute such a claim for refund.

▅ The statement of counsel that "I know of my own knowledge that the Government was at all times familiar with the basis for the claim * * *" (affidavit of Bruno Schachner, sworn to January 22, 1968) is not sufficient to show that an informal claim was filed or that the Commissioner waived the requirement of filing a claim. Indeed, there has been no proof that any informal notice was given to or treated by the Commissioner as an informal claim for refund. If CSI NY's tax return was intended to be such a notice, it was clearly misleading. United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941); Rock v. United States, S.D.N.Y., January 24, 1968, 279 F.Supp. 96. Thus, CSI NY has filed neither a formal nor an informal claim for refund. CSI Ill has not been shown even to have filed a tax return for the fiscal year ending May 31, 1963, and, *a fortiorari*, has not filed a refund claim. Consequently, the counterclaims of CSI NY, paragraphs 14–21, and of CSI Ill, paragraphs 22–29, must be dismissed for

lack of jurisdiction under Section 7422 (a). It is, therefore, unnecessary to reach the issues raised under Section 7422(e) in regard to these two counterclaims.

## FOURTH COUNTERCLAIM OF CSI MASS.

Unlike CSI NY and CSI Ill, CSI Mass did submit a claim for refund in its tax return filed June 20, 1963. However, after receiving a notice of deficiency dated August 12, 1966, CSI Mass filed a petition with the Tax Court on November 7, 1966 requesting redetermination of the asserted deficiency for the fiscal year ending May 31, 1963. As a result, the government moves under IRC § 7422 (e) to dismiss this counterclaim of CSI Mass for a refund for lack of jurisdiction. Section 7422(e) provides in pertinent part as follows:

"* * * If the taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. * * *"

CSI Mass seeks to avoid the effect of Section 7422(e) by claiming that its tax liability has been paid, that no deficiency exists and, therefore, that despite its petition the Tax Court cannot acquire jurisdiction, citing McConkey v. Commissioner of Internal Revenue, 199 F.2d 892 (4th Cir. 1952), cert. denied, 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1355 (1953), and Bendheim v. Commissioner of Internal Revenue, 214 F.2d 26 (2nd Cir. 1954). CSI Mass alleges that the monies seized were its property and that the seizure, in effect, constituted a payment by it of its tax liability for the fiscal year ending May 31, 1963. Consequently, it claims a refund to the extent this "payment" exceeds its tax liability for the year. Counsel for CSI Mass bases this contention on the stipulation of December 31, 1962 and on IRC § 6342(a).

 Counsel's argument, though ingenious, in fact lacks the support it claims. The stipulation of December 31, 1962 merely states that the ancillary receipts (the seized property) are "the income and property of the defendant Championship Sports, Inc. ('C.S.I.')." This stipulation does not specify which of the CSI defendants, as against each other, owns the ancillary receipts. Indeed, one of the prayers of the complaint is that this court determine the proper owner of the fund. Thus, CSI Mass cannot rely on this stipulation to show that its property was seized. Furthermore, even if it be assumed (and I do not decide this) that seizure of a person's property effects payment of his tax liability, CSI Mass cannot rely on such an argument because it cannot fairly be said that by seizing the property belonging to some one of three persons, that someone being unknown, the government thereby effected a payment of the tax liability of a particular one of those three persons.

 Counsel's reliance on IRC § 6342(a) is also misplaced. That section does direct that the proceeds of a levy shall be "applied against the liability in respect of which the levy was made * * *." However, this does not help CSI Mass, for the "liability in respect of which the levy was made" was the liability of Graff, Reiner & Smith Enterprises, Inc., not the liability of CSI Mass.[1] It is for this reason that the plaintiff must (and does) seek a judicial declaration that the fund is the property of CSI NY, as well as foreclosure of its lien on CSI NY property to have that fund applied toward satisfaction of CSI NY's tax liability. In short, the plaintiff is asking the court to order payment to be made, not to declare that it has been made. Thus, even though it be assumed (and I do not decide this) that Section 6342(a) could effect payment by operation of law in a proper case, by the very terms of that

section there has been no such "payment" of the tax liability of CSI Mass. The Fourth Counterclaim of CSI Mass must, therefore, be dismissed for lack of jurisdiction in this court. IRC § 7422(e).

## FIFTH COUNTERCLAIM OF CSI MASS.

In this counterclaim, CSI Mass again alleges that the seized funds are its property and seeks their return under IRC § 7426, which provides in part as follows:

> "SEC. 7426. Civil Actions by Persons Other than Taxpayers.
>
> "(a) *Actions permitted.*—
>
> "(1) *Wrongful Levy.*—If a levy has been made on property * * * any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. * * *
>
> * * * * * *
>
> "(c) *Validity of Assessment.*—For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid."

The government argues that on the facts of this case, CSI Mass cannot succeed under Section 7426. Counsel for the government states in his brief that identical assessments and levies were made against all three CSI defendants. The effect of this, the government argues, is that if CSI Mass were held to be the owner of the property, then it would be the proper taxpayer under the identical assessments and, hence, as the taxpayer, could not sue under Section 7426 which by its terms is a remedy for non-taxpayers only.

---

1. CSI Mass, in paragraph 8 of its amended answer, admits plaintiff's allegation that the funds were so levied upon.

The government argues further that if CSI Mass were held to be the owner of the property but at the same time were considered to be the non-taxpayer, this would be the same as saying that CSI NY was only an agent or conduit for CSI Mass. The difficulty with such a conclusion, the government says, is that it means CSI NY owes no taxes. However, this contravenes the conclusive presumption of Section 7426(c) that, for the purposes of this counterclaim, the assessment was correct and CSI NY does owe taxes. Thus, the government argues that either way, CSI Mass cannot succeed under Section 7426.

■ The problem with the government's argument is that it overlooks the limits of its own complaint and misconstrues the framework of its motion to dismiss. The complaint, as noted above, alleges only a levy "to satisfy an assessment made against the defendant Graff, Reiner & Smith Enterprises, Inc., * * * [which] assessment has now been abated" and seeks to have this court both declare the funds seized to be the property of CSI NY and foreclose on such funds the lien of the United States against the property of CSI NY. Aside from a statement in plaintiff's brief, there is no showing that the levy was made in respect of an assessment against CSI mass. Moreover, as far as this suit is concerned, only CSI NY is the relevant taxpayer. The complaint seeks no relief against any other taxpayer. Thus, by the terms of Section 7426(a), CSI Mass may assert its interest in the fund, for it is not "the person against whom is assessed the tax out of which such levy arose * * *." It is not even the taxpayer against whose liability the plaintiff here seeks to have the fund applied. In short, it is a non-taxpayer for the purposes of this action.

■ The government may be correct that to find CSI Mass to be the owner of the fund would mean that CSI NY was only an agent which did not owe taxes and that such conclusion would violate the presumption of Section 7426(c)

that assessment against CSI NY is correct. But this contention, which depends on facts which may or may not be developed at trial, goes to the merits and does not defeat jurisdiction under Section 7426(a). Even if the government is correct on this point, however, (and I intimate no opinion as to this) it will make little real difference. Section 7426(c) only makes the assessment against CSI NY conclusive "for purposes of an adjudication under this section * * *." The defendants herein may still contest the correctness of that assessment under IRC Section 7403. United States v. O'Connor, 291 F.2d 520, 100 A.L.R.2d 858 (2nd Cir. 1961); United States v. Lease, 346 F.2d 696 (2nd Cir. 1965); United States v. Mauro, 243 F.Supp. 413 (S.D.N.Y.1965). This makes apparent that CSI Mass's Fifth Counterclaim, though within the jurisdictional grant of Section 7426, is essentially superfluous, for CSI Mass always had and still has the right under Section 7403 to assert its claim to ownership of the fund. Nevertheless, the motion to dismiss CSI Mass's Fifth Counterclaim for lack of jurisdiction must be denied.

## COUNTERCLAIMS OF PATTERSON AND LISTON AGAINST THE UNITED STATES.

The counterclaims of Patterson and Liston assert property interests in both the ancillary receipts and the live gate receipts seized and held by the United States. Neither counterclaim states the jurisdictional grounds on which it depends, as required by Rule 8(a), Fed.R. Civ.P. Nevertheless, the court considers that insofar as the counterclaims relate to the ancillary receipts it has jurisdiction under IRC Section 7403 to determine them.

On December 31, 1962, Patterson entered into a stipulation with all other parties except Liston. Paragraph 1 of said stipulation provides as follows:

"That all money earned through the exploitation of the television, film and radio rights to the boxing match between Floyd Patterson and Charles

Liston on September 25, 1962, is the income and property of the defendant Championship Sports, Inc. ('C.S.I.')."

Paragraph 3 of said stipulation provides in pertinent part as follows:

"Floyd Patterson is entitled to receive as his share of the ancillary rights from the defendants C.S.I. the sum of $660,000.00. * * * "

On January 30, 1963, Liston entered into a stipulation with the United States and all three CSI defendants by which Liston agreed to "be bound by all the terms and conditions of the stipulation dated December 31, 1962, which has heretofore been filed in this action." By virtue of these stipulations, Patterson and Liston have withdrawn their claims to property interests in the ancillary receipts of the fight and have acknowledged that the said ancillary receipts are solely the property of CSI. Thus, to the extent that the counterclaims of Patterson and Liston assert interests in the ancillary receipts held by the United States, there is no genuine issue as to any material fact and plaintiff is entitled as a matter of law to summary judgment in its favor dismissing the counterclaims.

As stated previously, the United States commenced this action under IRC Section 7403 to foreclose its lien for taxes on the ancillary receipts it had seized and was holding. The complaint does not allege a seizure of live gate receipts and does not seek to foreclose on any such receipts which the government may hold. In short, the "property" which is the subject of this action under Section 7403 consists only of ancillary receipts. Consequently, insofar as the counterclaims of Patterson and Liston relate to live gate receipts, this court has no jurisdiction under Section 7403 to consider them because Section 7403(c) empowers this court to determine only claims to "the property" which is the subject of the action, not claims to any property which the United States may be holding.

The government suggests that the only other possible ground of juris-diction for the counterclaims of Patterson and Liston insofar as they relate to live gate receipts is IRC Section 7426. Where an assessment has been made against one person and property has been levied upon to satisfy the assessment, Section 7426 permits any other person claiming an interest in that property to challenge the legality of the levy. However, for the purposes of such challenge, the assessment is conclusively presumed to be correct. IRC Section 7426(c).

If it be assumed that the counterclaims in regard to live gate receipts do rest on IRC Section 7426, the question for decision becomes whether the live gate receipts were wrongfully levied upon or, in other words, whether the United States levied upon property of Patterson or Liston to satisfy the excise tax liability of Graff, Reiner & Smith Enterprises, Inc. or of CSI NY. An analysis of the statutory scheme makes clear the answer.

Excise taxes of a certain amount were paid by spectators of the fight, IRC Section 4231(1), were collected for the United States by the promoters pursuant to IRC Section 4291, and were held in trust for the United States under IRC Section 7501. Thus, at all times these tax monies were and have remained the property of the United States. Neither CSI nor any other person (including Patterson and Liston) could have any interest in them.

It is undisputed by the parties that the aforesaid excise taxes were collected in the form of live gate receipts and that a portion of the total live gate receipts, in the amount of $66,310.67, was seized by the government. It is indisputable in this action that the amount of the excise taxes due the United States is $100,000. IRC Section 7426(c).

Consequently, it follows that, for the purposes of these motions for summary judgment, the entire $66,310.67 seized and held by the government as a matter of law constituted excise taxes belonging to the United States and not property of Patterson or Liston. Hence, there is no genuine issue as to any mate-

rial fact and plaintiff is also entitled to summary judgment dismissing the counterclaims of Patterson and Liston insofar as they relate to live gate receipts. The motion of Patterson for summary judgment must, accordingly, be denied.

## CROSS-CLAIMS OF PATTERSON AND LISTON AGAINST CSI NY.

Defendant CSI NY moves to dismiss the cross-claim asserted against it by defendant Patterson in paragraphs 16 through 25 of his answer. This claim contains allegations with respect to an agreement of March 16, 1962 made by CSI NY with Liston and Patterson and the fulfillment of the match, an allegation that Patterson's share of the gate receipts if $250,000, allegations of damage, and a demand for judgment in the sum of $300,000 with interests and costs against CSI NY. The ground of the motion to dismiss is lack of subject matter jurisdiction under either IRC Section 7403, as construed in Pettyjohn v. Pettyjohn, 192 F.2d 322 (8th Cir. 1951), or 28 U.S.C. § 1332.

CSI NY is alleged to be a New York corporation with offices in New York City. Patterson does not deny the allegation of the complaint that he is a New York resident and, hence, must be deemed to be such. Thus, there is no diversity of citizenship between these two parties and no jurisdiction under 28 U.S.C. § 1332 to support the cross-claim.

 The general rule, however, is that a cross-claim within Rule 13(g), Fed.R.Civ.P., is supported by the jurisdiction of the principal claim in the action and needs no independent basis of jurisdiction. R. M. Smythe & Co. v. Chase National Bank, 291 F.2d 721, 724 (2nd Cir. 1961). The cross-claim is at least within the broad "transaction or occurrence" language of Rule 13(g), for Patterson was one of the principals in the events that gave rise to the government's tax claims here. Pettyjohn, supra, is not controlling for the reason that in Pettyjohn, unlike the instant case, the rights of the United States were "completely and finally determined" in advance of trial. 192 F.2d at 326. The motion to dismiss the cross-claim of Patterson is, accordingly, denied.

 The cross-claim of Liston against CSI NY cannot be dismissed, for, in addition to its status under Rule 13(g), it is supported by diversity of citizenship, Liston being a resident of Illinois. CSI NY apparently concedes this by seeking only severance, not dismissal, of Liston's cross-claim. It may be that in due time a separate trial will be ordered under Rule 42(b) of the Federal Rules of Civil Procedure. Under the facts and circumstances of this case, with all the possible interrelationships, I do not find that any material gain would be achieved by severance. The motion to sever is, accordingly, denied.

### CONCLUSION.

1. The motion of the United States to dismiss the Second Counterclaim of CSI Ill, the Third Counterclaim of CSI NY, and the Fourth Counterclaim of CSI Mass is granted.

2. The motion of the United States to dismiss the Fifth Counterclaim of CSI Mass is denied.

3. The motion of the United States for summary judgment dismissing the counterclaims of Liston and Patterson is granted.

4. The motion of Patterson for summary judgment in his favor on his counterclaim against the United States is denied.

5. The motion of the CSI defendants to dismiss the cross-claim of Patterson and to sever the cross-claim of Liston is denied.

6. Liston and Patterson are directed to file amended answers to the complaint within ten (10) days in a manner not inconsistent with the decision herein.

7. Each of the CSI defendants is directed to file a separate amended answer to the complaint and cross-claims in a manner not inconsistent with the

decision herein within ten (10) days after the amended answers of Liston and Patterson are filed.

Settle order on each motion upon notice.