Kenneth Earl SAULS, Plaintiff,

v.

BRISTOL–MYERS COMPANY, Defendant.

No. 78 Civ. 2400.

United States District Court,
S. D. New York.

Dec. 22, 1978.

Kenneth Earl Sauls, pro se.

Warren Freedman, New York City, for defendant; Cary Stewart Sklaren, Harriet E. Shapiro, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Kenneth Sauls, a former employee in defendant Bristol-Myers' Internal Audit Department, commenced this employment discrimination action, alleging that because of his race and color he was subjected to discriminatory treatment while in the defendant's employ, was fired on the pretense of substandard work performance, and has been denied redress by the New York State Human Rights Division and the federal Equal Employment Opportunity Commission ("EEOC") because of a continuing conspiracy between the defendant and these agencies. He further claims that defendant has made false and derogatory statements about him to employment agencies, thus denying him prospective employment. His multi-count complaint alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C., section 2000e et seq.; the First Amendment of the United States Constitution; 18 U.S.C., sections 241, 242 and 245; 42 U.S.C., sections 1981, 1983 and 1985; and under state tort law for libel and slander, malicious interference with his wife's peace of mind, and false imprisonment. Defendant now moves for summary judgment on all counts except for Title VII, section 1981, and the state law claim for libel and slander. The motion is granted.[1]

Plaintiff has taken what is in essence a single claim for racial discrimina-

---

1. Plaintiff's opposition to the motion is contained in a cross-motion under Fed.R.Civ.P. 12(f) to strike "the defendant's pleadings" in support of its motion. Because Rule 12(f) is directed solely to "pleadings," a term which, as defined in Rule 7, does not include motions, plaintiff's motion is denied. The supporting affidavit has, of course, been considered in ruling on defendant's motion for summary judgment.

tion and fragmented it into numerous, largely unnecessary and unsupported, claims. The wrong of which he complains, if proven, may be enjoined and the plaintiff adequately compensated under Title VII and section 1981—two theories which have been used extensively to redress employment discrimination.[2] The alleged additional claims add nothing to the complaint and are insufficient to survive the motion for summary judgment.

■ The conclusory allegations of government involvement in the alleged discrimination, premised apparently on nothing more than unsupported inferences drawn from adverse administrative rulings,[3] fail to satisfy the government action requirement of a First Amendment claim[4] or the "color of state law" requirement of a

section 1983 claim.[5] Nor will these allegations supply the requisite concert of action by two or more persons to state a cause of action for conspiracy under section 1985.[6] Plaintiff cannot convert his failure to prevail in administrative proceedings under Title VII into broader claims of governmental deprivation of constitutional rights. Title VII entitles plaintiff to de novo judicial review of the merits of his charges against his employer.[7]

■ The remaining counts require little discussion. Sections 241, 242 and 245 of Title 18 provide criminal remedies for the violation of certain constitutional rights, not a private right of action.[8] The applicable state law provides no support for his false imprisonment claim[9] or for his at-

---

**2.** Title VII provides for injunctive relief and such affirmative remedies as reinstatement and back pay awards. 42 U.S.C. § 2000e–5(g). If a violation of section 1981 is proven, plaintiff would also be entitled to an award of damages. *Gore v. Turner,* 563 F.2d 159, 164 (5th Cir. 1977). Plaintiff is entitled to proceed under both theories. *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir. 1976), *cert. denied,* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977); *Gresham v. Chambers,* 501 F.2d 687, 690–91 (2d Cir. 1974).

**3.** On April 20, 1978, the New York State Division of Human Rights determined that no probable cause existed to believe that defendant engaged in the unlawful conduct charged. On May 17, 1978, the EEOC issued a notice of right to sue.

**4.** *See Columbia Broadcasting System, Inc. v. Democratic National Committee,* 412 U.S. 94, 114, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973); *Kuczo v. Western Connecticut Broadcasting Co.,* 566 F.2d 384, 387 (2d Cir. 1977); *Wahba v. New York University,* 492 F.2d 96, 98 (2d Cir.), *cert. denied,* 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974). Mere inaction or acquiescence by the government in private wrongful conduct will not convert private action into government action. *Flagg Bros. v. Brooks,* 436 U.S. 149, 162, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 357, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

**5.** *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *see Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Girard v. 94th Street & Fifth Ave. Corp.,* 530 F.2d 66, 69 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173,

48 L.Ed.2d 798 (1976); *Weise v. Syracuse University,* 522 F.2d 397, 403 (2d Cir. 1975). Plaintiff's conclusory allegations are insufficient to impugn the integrity of the state and federal proceedings. *See Hermann v. Moore,* 576 F.2d 453, 457 (2d Cir. 1978).

**6.** *See Powell v. Workmen's Compensation Bd.,* 327 F.2d 131, 137 (2d Cir. 1964); *Croy v. Skinner,* 410 F.Supp. 117, 127 (N.D.Ga.1976).

It is well settled in this Circuit and others that section 1985 does not extend to discriminatory business decisions participated in by members of one business entity. *Hermann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978); *Girard v. 94th Street & Fifth Ave. Corp.,* 530 F.2d 66, 70 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181, 183 (8th Cir. 1974); *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972).

Plaintiff's further effort to support his charge of conspiracy by alleging that various employment agencies conspired with the defendant is unsupported. At most plaintiff claims that the agencies failed to secure employment interviews for him because defendant would not supply favorable references.

**7.** 42 U.S.C. § 2000e–5(f)(1).

**8.** *United States ex rel. Savage v. Arnold,* 403 F.Supp. 172 (E.D.Pa.1975); *Williams v. Halperin,* 360 F.Supp. 554, 556 (S.D.N.Y.1973).

**9.** Plaintiff concedes he was never physically confined, but claims that his inability to find other employment due to defendant's conduct has forced him to act as "if he were incarcerated." *See Broughton v. State of New York,* 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93, 335

tempt to state a derivative cause of action for his wife's injuries.[10]

Summary judgment for defendant on counts 2, 3, 6, 7, and that portion of count 4 which is based on 42 U.S.C., sections 1983 and 1985, is granted.

N.E.2d 310, *cert. denied, Schanbarger v. Kellogg,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975); Restatement of Torts 2d §§ 35–41 (1965).

10. Plaintiff cannot base a derivative cause of action on conduct directed solely against him. *Balestrero v. Prudential Ins. Co. of America,* 126 N.Y.S.2d 792 (Sup.Ct.1950), *aff'd,* 283 A.D. 794, 128 N.Y.S.2d 295 (2d Dep't), *aff'd,* 307 N.Y. 709, 121 N.E.2d 537 (1954).