Norman E. POWELL, Plaintiff,

v.

Nathan KOPMAN, M. J. Morris, William J. Graham, Commissioner of Internal Revenue, Kathleen A. Roberts, Assistant United States Attorney, Robert B. Fiske, Jr., United States Attorney and Federal Civil Service Commission, Defendants.

No. 80 Civ. 4925(MEL).

United States District Court,
S. D. New York.

April 15, 1981.

Norman E. Powell, pro se.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for defendants.

LASKER, District Judge.

This action arises out of the assessment by the Internal Revenue Service ("IRS") of penalties against the plaintiff, Norman E. Powell, for failing to comply with the tax preparer requirements imposed by the Internal Revenue Code ("IRC"). Section 6109(a)(4) of the IRC provides that any return prepared by an income tax preparer shall bear the social security number of the preparer if the preparer is an individual. Section 6695(c) of the IRC imposes a penalty upon an income tax preparer who fails to comply with section 6109(a)(4), unless the preparer can show that his noncompliance was due to "reasonable cause and not due to wilfull neglect." 26 U.S.C. § 6695(c).

The plaintiff is an attorney with a specialty in taxation. As part of his practice he prepares federal income tax returns for compensation. Although he is aware of the mandates of section 6109(a)(4), he takes the

position that the provision of the statute does not apply to practicing tax attorneys, claiming that its application to tax attorneys would have a chilling effect on the attorney-client relationship. After being notified of the penalty by the IRS, Powell sought a penalty adjustment based on his claim that section 6109(a)(4) should be construed not to apply to attorneys. His efforts proved unsuccessful and Powell was given notice that there would be no adjustment. Because Powell chose not to pay the assessment, the IRS levied against his bank accounts for $558.06, the amount due.

Plaintiff's first cause of action alleges that Nathan Kopman, William J. Graham, Maria J. Morris and the Commissioner of Internal Revenue ("the IRS defendants") violated plaintiff's due process rights. The second states a violation of the Freedom of Information Act. The third claims that the defendants violated plaintiff's civil rights, and the fourth asserts that the IRS defendants entered into a conspiracy to and committed criminal theft offenses by collecting amounts in excess of the assessment.[1]

Defendants move for judgment dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. However, because the defendants filed their motion three days after the expiration of the extension of time allowed by this court to answer the complaint, plaintiff cross-moves for a default judgment. The motion for default judgment is denied since plaintiff does not claim any prejudice resulting from the delay. In any event such delay is de minimis, making the entry of default inappropriate under the provisions of Rule 55(e) of the Federal Rules of Civil Procedure which provides that:

"(e) Judgment Against the United States. No judgment by default shall be

entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

### Lack of Subject Matter Jurisdiction

■ The defendants claim that this court lacks subject matter jurisdiction over plaintiff's claims for a refund of the tax preparer penalty. The law is settled that a suit for refund of taxes must be based on a claim previously filed with the Secretary. *Ogden v. United States*, 555 F.2d 134 (5th Cir. 1977); *Katz v. United States*, 76–1 Tax Cas. ¶ 9279 (2d Cir. 1976), *aff'g* 75–1 Tax Cas. ¶ 9277 (S.D.N.Y. 1975); *Clement v. United States*, 472 F.2d 776 (1st Cir. 1973), *cert. denied*, 414 U.S. 864, 94 S.Ct. 115, 38 L.Ed.2d 85 (1973); *Scovill Mfg. Co. v. Fitzpatrick*, 215 F.2d 567 (2d Cir. 1954); *Ronald Press Co. v. Shea*, 114 F.2d 453 (2d Cir. 1940). Section 7422(a) of the IRC (26 U.S.C. § 7422(a)) provides:

"No suit or proceeding shall be maintained in any court for the recovery of ... any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Moreover, tax preparers "may not maintain a civil action for recovery of any penalty paid ... under section 6695 and 61.6695–1, unless the preparer has previously filed a claim for credit or refund of the penalty as provided in this section (and the court has jurisdiction of the proceeding)." 26 C.F.R.

---

1. The plaintiff sued the defendants in their individual, as well as their governmental capacities. In so doing, the plaintiff essentially seeks to obtain a refund of penalties collected by the IRS from employees of the IRS rather than from the Government itself. This is prohibited by 26 U.S.C. § 7422(f)(1) which provides:

"A suit or proceeding referred to in subsection (a) [suit for recovery of tax assessed or

collected] may be maintained only against the United States and not against any officer or employee of the United States. . . ."
Moreover, the plaintiff's nominal classification of the adverse party is not dispositive. *See Doe v. Civiletti*, 635 F.2d 88, at p. 93 n.13 (2d Cir. 1980).

1.6696–1(j)(1). Since plaintiff failed to file his claim for refund, there is a fundamental defect in the jurisdiction of this court. *United States v. Championship Sports, Inc.*, 284 F.Supp. 501 (S.D.N.Y.1968).

Section 6109(a)(4) of the IRC applies to all "tax preparers" within the meaning of section 7701(a)(36) of the IRC, which defines the term to include *"any person who prepares for compensation . . . any return of tax . . . ."* (emphasis added). Under the circumstances of this case, the plaintiff falls within the ambit of this provision and is therefore not exempt from the registration requirements of the IRC. Until Powell complies with the provisions of 26 C.F.R. § 1.6696–1 (1980) this court lacks subject matter jurisdiction to hear his claims with respect to a refund of the penalty.

*Due Process*

The plaintiff claims (without citing any authority, although he is a lawyer) that the IRS defendants violated his Fifth Amendment due process rights by failing to grant him an in-person conference before the penalties were collected. However, the IRS regulations explicitly state that "appeal procedures do not extend to cases involving solely the failure or refusal to comply with tax laws because of moral, religious, political, *constitutional*, conscientious, or similar grounds." 26 C.F.R. 601.106(b) (emphasis supplied). It is difficult to imagine what, if anything would have been gained by an in-person conference with the IRS Appeals Officer when he clearly would be powerless to consider the constitutional challenges of the plaintiff. Due process does not require "an evidentiary hearing where there are no factual issues to resolve." *Swift v. Ciccone*, 472 F.2d 577 (8th Cir. 1972).

■ Where adequate opportunity is afforded for a later judicial determination of the plaintiff's rights, payment of the penalty assessed prior to litigation assures the government of prompt and effective collection of its lawful revenue and does not violate plaintiff's Fifth Amendment due process rights. Further, where it is apparent that the Government cannot establish

its claim, a suit for an injunction may be maintained. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Shapiro v. Secy. of State*, 499 F.2d 527 (D.C.Cir.) *aff'd* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

■ In sum, there was no denial of due process since Powell may, upon exhaustion of his administrative remedies, contest the validity of the law in the district court in a suit for refund.

*Freedom of Information Act*

■ The plaintiff's second cause of action seeks relief for an alleged violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(3). He claims that the IRS defendants wrongfully withheld certain records which relate to the imposition of tax preparer penalties against attorneys.

The Freedom of Information Act and the IRS regulations set forth in 26 C.F.R. 601.-702(c)(3) and (4) provide that an initial request for records must be in writing, signed by the person making the request, state that it is made pursuant to the Freedom of Information Act and reasonably describe the records sought. The plaintiff does not claim to have made a written request in compliance with the provisions of the Freedom of Information Act, nor do the affidavits submitted indicate the existence of a writing. Accordingly, plaintiff's second cause of action is dismissed without prejudice.

*Civil Rights Act*

■ Plaintiff asserts that the defendants have deprived him of his constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. § 242. However, plaintiff's reliance on these statutes is misplaced. The terms of section 1983 of Title 42 make plain two elements that the plaintiff must prove for recovery, that (i) the defendant deprived him of a right secured by the "Constitution and laws" and (ii) the defendant deprived him of this constitutional right under color of State law. *Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Mullarkey v. Borg-*

*lum*, 323 F.Supp. 1218, 1224 (S.D.N.Y.1970). Actions of the Federal Government or its officers are exempt from its proscriptions. *District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S.Ct. 602, 606–607, 34 L.Ed.2d 613 (1973). Section 1983 does not allow relief against the actions of federal officers acting under color of *federal* law. *Post v. Payton* 323 F.Supp. 799 (E.D.N.Y.1971). The complaint does not allege that defendants acted under color of State law, nor can we find any factual allegations which would justify an inference that defendants acted under color of State law.

Section 1985 of Title 42 provides a remedy for persons injured by a conspiracy to deprive them of equal protection of the laws. To invoke the protection of Section 1985(3) plaintiff must show some class-based, invidiously discriminatory animus behind the conspirator's actions. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Dacey v. Dorcey*, 568 F.2d 275, 277 (2d Cir. 1977). Measured by this standard, plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1985.

Section 1986 of Title 42 provides a remedy for persons injured by the failure of those having authority to act to prevent the wrongs specified in Section 1985. Having failed to state a claim under 42 U.S.C. § 1985, it follows that plaintiff asserts no ground for relief under 42 U.S.C. § 1986. *Post v. Payton, supra*, at 802.

Plaintiff also seeks relief under 18 U.S.C. § 242 which is the criminal analogue to § 1983. *Adickes v. Kress & Co., supra*, at 208, 90 S.Ct. at 1629. However, a criminal provision, § 242 does not create a private right of action. *Sauls v. Bristol-Myers Co.*, 462 F.Supp. 887, 889 (S.D.N.Y.1978); *Williams v. Halperin*, 360 F.Supp. 554, 556 (S.D.N.Y.1973). Accordingly, plaintiff has failed to state a claim under 18 U.S.C. § 242.

*Conspiracy and Conversion of Property*

The fourth cause of action alleged is for damages occasioned by the civil conspiracy of the IRS defendants and to compel the U.S. Attorney's Office to institute criminal proceedings against all defendants for criminal conspiracy, larceny and conversion.

A civil conspiracy is a combination of two or more persons to do an unlawful act by unlawful means or for an unlawful purpose. *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974). In civil conspiracy, it is the overt acts producing damage to the plaintiff that give rise to liability. "The charge of conspiracy in a civil action is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be held responsible in damages for any overt act or acts." *Rutkin v. Reinfeld*, 229 F.2d 249, 252 (2d Cir. 1956), *cert. denied*, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed. 60 (1956). The complaint does not contain specific facts which demonstrate what the defendants did in furtherance of their allegedly unlawful purpose. Plaintiff's allegations are merely vague and conclusory statements. Moreover, in New York there is no substantive tort of civil conspiracy. *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307, 311 (1975); *ABKO Industries, Inc. v. Lennon*, 52 A.D.2d 435, 437, 384 N.Y.S.2d 781, 783 (1976). Therefore, plaintiff's claim for civil conspiracy is dismissed. The remaining claims for conversion and larceny are belied by the facts of this case. The liens and levies placed upon plaintiff's property by the IRS were released upon satisfaction of the penalty assessments. Accordingly, it is unnecessary to give further consideration to these allegations.

In sum, all claims with respect to the refund of the penalty embodied in 26 U.S.C. § 6695(c) are dismissed for lack of subject matter jurisdiction and plaintiff's first, second, third and fourth causes of action are dismissed without prejudice for failure to state a claim upon which relief may be granted.

It is so ordered.