**Norman F. DACEY, Plaintiff-Appellant,**

**v.**

**Peter C. DORSEY, Defendant-Appellee.**

**No. 286, Docket 77–6100.**

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1977.

Decided Jan. 12, 1978.

Norman F. Dacey, pro se.

Raymond L. Sweigart, Asst. U. S. Atty., New Haven, Conn. (Richard Blumenthal, U. S. Atty., D. Conn., Frank H. Santoro, Asst. U. S. Atty., and Peter J. Ponziani, Law Student Intern, New Haven, Conn., of counsel), for defendant-appellee.

Before MOORE and GURFEIN, Circuit Judges, and BONSAL, District Judge.*

GURFEIN, Circuit Judge:

Norman F. Dacey, author of "How to Avoid Probate," obtained a $60,000 judgment for libel against the Connecticut Bar Association in a State Court of Connecticut. The Bar Association appealed to the Supreme Court of Connecticut, all of whose five justices were members of the Bar Association. Dacey sought to have the judges recuse themselves on that account. Apparently, since there was no other tribunal which was legally empowered to hear the case, the judges declined to recuse themselves.

Dacey then lodged a formal complaint with the United States Attorney for Connecticut, Peter C. Dorsey, asking him to restrain the Connecticut Supreme Court judges from allegedly conspiring to violate Dacey's civil rights contrary to 42 U.S.C. § 1985.[1] The United States Attorney for Connecticut declined to take action, and eventually the Supreme Court of Connecticut reversed the libel judgment.

Dacey then filed a complaint in the United States District Court for Connecticut seeking money damages against United States Attorney Dorsey for his alleged failure to carry out his duties under 42 U.S.C.

---

* Hon. Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

1. Section 1985(2) provides in pertinent part as follows:

"or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . . ."

§ 1986[2] to prevent a consummation of the alleged civil rights conspiracy against the plaintiff by the judges in violation of § 1985.

The District Court (Zampano, J.) dismissed the complaint, and this appeal followed. We affirm.

■ We do not consider the refusal of the State Supreme Court judges to recuse themselves as constituting a conspiracy under 42 U.S.C. § 1985. There is no averment in the complaint of a single fact that would justify the charge of conspiracy. The claim is simply that the failure of the judges to recuse themselves because they were members of the defendant bar association violated the plaintiff's civil rights. We need not decide whether a party, at whose instance recusal is sought and denied, ever has a claim under the civil rights statutes. In this case, there was no other forum available for the State Court appeal. When all are disqualified, none is disqualified. *Evans v. Gore*, 253 U.S. 245, 247–48, 40 S.Ct. 550, 64 L.Ed. 887 (1920).[3] Thus, the decision could not have been grounded in prejudice or in the denial of equal protection of the laws. The particular provision of § 1985 involved requires that the plaintiff allege a "class-based, invidiously discriminatory animus." *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975); *Brawer v. Horowitz*, 535 F.2d 830, 389–41 (3d Cir. 1976); *see also Griffin v. Breckenridge*, 403 U.S. 88, 96–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There is no allegation of a class-based animus on the part of the Connecticut judges.

■ In any event, the decision not to withdraw from the case was made by the judges in, pursuance of their judicial function. *See Saier v. State Bar of Michigan, supra* note 3, 293 F.2d at 760–61. For such decisions the judges had absolute immunity from civil liability. *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). And even though a federal court is not wholly without power to order injunctive relief against state judges for violations of civil rights, *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), we can find no adequate allegation of such a violation here.

■ Accordingly, since there was no claim cognizable in the federal court, there was no duty upon the United States Attorney to act. Having failed to state a cause of action under § 1985, plaintiff has failed to state a claim under § 1986. *Brawer v. Horowitz, supra*, 535 F.2d at 841; *Hahn v. Sargent, supra*, 523 F.2d at 469–70; *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975).

■ Moreover, the United States Attorney is part of the executive branch, and, as such, his official discretion is not subject to control by the judiciary at the instance of private persons. *See United States v. Cox*, 342 F.2d 167, 171 (5th Cir.), *cert. denied sub nom. Cox v. Hauberg*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); *Moses v. Kennedy*, 219 F.Supp. 762, 765 (D.D.C.1963), *aff'd sub nom. Moses v. Katzenbach*, 119 U.S.App.D.C. 352, 342 F.2d 931 (1965). *And see Smith v. United States*, 375 F.2d 243, 247 (5th Cir.), *cert. denied*, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967).

2. Section 1986 reads in pertinent part as follows:

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; . . . ."

3. *See also Saier v. State Bar of Michigan*, 293 F.2d 756, 760–61 (6th Cir.), *cert. denied*, 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961); *Turner v. American Bar Association*, 407 F.Supp. 451 (N.D.Tex.1975) (consolidated cases), *aff'd without opinion sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), *aff'd sub nom. Pilla v. American Bar Association*, 542 F.2d 56, 58 (8th Cir. 1976). *See, In re Rhodes*, 370 F.2d 411, 413 (8th Cir.), *cert. denied*, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967).

 The United States Attorney concededly did forward Mr. Dacey's complaint to the Department of Justice in Washington for its consideration. He did not attempt to suppress it. The extent of his official privilege as a federal officer is governed by federal law. *Howard v. Lyons*, 360 U.S. 593, 597, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959). Since he acted in the exercise of the discretion vested in him by virtue of his office, he is not subject to a private suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

We apply the policy of *Imbler v. Pachtman* to bar this claim against the United States Attorney for failure to seek injunctive relief against state judges under § 1986, regardless of whether an injunction might lie simply as a matter of federal judicial power. *See Scolnick v. Lefkowitz*, 329 F.2d 716 (2d Cir.), *cert. denied*, 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964) (complaint of violation of civil rights in civil proceeding by State Attorney General).

The judgment dismissing the complaint for failure to state a claim upon which relief can be granted is affirmed.