[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a negligence action wherein the plaintiff claims to have been injured on February 20, 1988, when his estranged wife stepped out of a doorway, pulled a gun from her purse, and shot him as he walked down a city street in New Britain, Connecticut.
The plaintiff brings this lawsuit against New Britain Police Chief Clifford Willis, New Britain detective Frank DeFelice, New Britain police officers Gary Riley and Albert Valentine claiming that they are liable for the plaintiff's injuries for failing to protect him from his wife's actions.
The defendants' motion to strike claims that the first, second and third counts fail to state a claim under the CT Page 4913 civil rights laws, 42 U.S.C. § 1983, 1985, 1986 and1988.
The plaintiff's complaint alleges that between February 19, 1988 and February 20, 1988, the plaintiff, Willie Brimage, a New Britain resident, notified the defendant City of New Britain through the defendant police officers, that threats had been made upon his life by his estranged wife, Cynthia Brimage. Attempts to file complaints about his wife's threats were claimed to have been ignored, rejected, or inadequately responded to by the defendant city and its police officers. The plaintiff details several incidents in which the police failed to arrest or take other action against Cynthia Brimage for her violent conduct, and in which the police failed to take seriously her potential for future violent acts.
In plaintiff's first count, he claims that the police failure to act on the specific threats to a specific individual constitutes a violation of equal protection, privileges and immunities as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and sections one, ten and twenty of the Connecticut Constitution thereby giving rise to claims under 42 U.S.C. § 1983, 1985. Plaintiff's second count contains the allegation that the City of New Britain has long condoned a pattern or practice of affording inadequate or no protection to those married individuals who have complained of spousal abuse. Allegedly this pattern or practice was the basis on which the police relied in ignoring the various complaints of the plaintiff. The plaintiff further alleges that by failing to seek disciplinary action against the individual police officers involved in this action, the City has demonstrated that it condones such a pattern or practice. In the third count of this four count complaint, the plaintiff seeks to hold the defendant, Police chief Clifford Willis, liable pursuant to 42 U.S.C. § 1983, 1986 and at common law. The plaintiff claims that the police chief is liable because he allegedly had formal authority and actual control over the police department, knew or should have known of the custom, policy or practice of inadequate or no protection, and failed to prevent the civil rights violations suffered by the plaintiff.
The defendant has moved to strike counts one through three of this four count complaint. The plaintiff, however, has moved to strike only a portion of the first count. A trial court in passing upon a motion to strike, considers only those grounds specified in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44 (1987). A motion to strike should be used to test the sufficiency of an entire cause of action and should be overruled when addressed only to separate paragraphs. Cieszyski v. Franklin Corp., 25 Conn. Sup. 342, 346
CT Page 4914 (1964). Since certain portions of plaintiff's allegations in the first count (i.e. those privileges and immunities claims relation to section 1983) are not challenged by the motion to strike, and, therefore the first count remains legally sufficient and should not be stricken.
The defendants seek to strike the second count on the grounds that the complaint fails to allege sufficient facts from which it can be inferred that the City had a policy or custom of affording inadequate police protection, and therefore, fails to state a proper claims under42 U.S.C. § 1983.
Where it is alleged that the police "frequently" violated constitutional rights and such allegations are "devoid of any factual content, these allegations are conclusory and are not sufficient to state a claim under 42 U.S.C . section 1983." Smith v. Ambroglio, 456 F. Sup. 1130, 1137 (D.Conn. 1978). A complaint against a municipality must fail if it "appears to have merely attached a conclusory allegation of `policy' to what is in essence a claim based on a single unconstitutional act." Appletree v. City of Hartford, 555 F. Sup. 224, 228 (D. Conn. 1983). Ordinarily, the plaintiff must point to facts outside his own case to support his allegations. Id. An unarticulated, unwritten policy is the equivalent to a custom of passive acquiesence in unconstitutional conduct and a pattern or series of acts must be plead to establish a violation under the civil rights laws. Id. The plaintiff in the instant case has not alleged any facts outside of his own case to support his allegations of unconstitutional conduct. Moreover, unlike the plaintiff in Thurman v. City of Torrington, 595 F. Sup. 1521
(D.Conn. 1984), the plaintiff has not alleged a pattern of unconstitutional police conduct in his own case occurring over a period of several months. Therefore, the second count should be stricken because the plaintiff has failed to allege sufficient facts from which it can be inferred that the City had a policy or custom of affording inadequate police protection.
The defendant moves to strike count three of the complaint on the grounds that the plaintiff has failed to allege sufficient facts to hold the defendant police chief liable under42 U.S.C. § 1983, 1985 and common law. A supervisory official may be personally involved in an unconstitutional deprivation within the meaning of 42 U.S.C. § 1983 in several ways: (1) the defendant may have directly participated in the deprivation; (2) the supervisory official may be liable because he created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (3) a supervisory official may have failed to remedy a wrong after learning of it; (4) a supervisory official CT Page 4915 may be personally liable if he was grossly negligent in managing subordinates who caused the unlawful condition or event. Williams v. Smith, 781 F.2d 319, 323-24 (2nd. Cir. 1986).
The complaint alleges that Police Chief Willis "either knew, or in the proper performance of his duties ought to have known, of the custom policy or practice of said department in affording inadequate protection, or no protection at all, to person's in the plaintiff's circumstances and of the inadequacy of the training and supervision of their police officers with regard to such protection . . . ." No allegation has been made in the third count which alleges gross negligence in managing subordinates who caused the unlawful condition or event. Accordingly, no violation of section 1983 has been sufficiently alleged. See Williams, 781 F.2d at 323-34.
Chief Willis claims that the plaintiff has failed to properly set out claims under section 1986 and the common law. Where a plaintiff fails to state a legally sufficient claim under section 1985, the plaintiff has necessarily failed to state a claim under section 1986. Dacey v. Dorsey, 568 F.2d 275, 277
(2nd Cr. 1978). To state a claim under section 1985(3), as the plaintiff claims to have done, he must allege "1) a conspiracy; 2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; 3) an overt act in furtherance of the conspiracy; and 4) an injury to the plaintiff's person or property, or a deprivation of a right or a privilege of a citizen of the United States. Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2nd Cir. 1988). The plaintiff has failed to sufficiently allege a conspiracy and therefore has failed to state a claim under section 1985. As noted, the plaintiff's failure to state a claim under section 1985 necessarily means that he has failed to state a claim under section 1986. See Dacey, 568 F.2d at 277.
The defendants have also asserted that the plaintiff has not sufficiently alleged a common law cause of action against the defendant Police Chief. The operation of a police department is a discretionary governmental function. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 179-80 (1988). Municipal employee immunity from liability for the performance of discretionary acts is subject to three exceptions. Evon v. Andrews, 211 Conn. 501 (1989). The first of these exceptions is that the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. Id. at 505. The plaintiff alleges that "attempts to file complaints by plaintiff Willie Brimage of said threats of death and maiming were ignored or rejected or inadequately responded to by the named defendants. CT Page 4916 . . ."
The second exception is where a statute specifically provides for a cause of action against the officer for failure to enforce certain laws. Id. at 505. The third exception is where acts involving malice, wantoness, or intent to injure rather than common law negligence has been alleged by the plaintiff. Id. at 505.
None of the allegations in the third count come within the three exceptions as above stated. An allegation of "attempts to file complaints . . . ." set forth in paragraph four of count one of the complaint, incorporated as paragraph four of count three, does not give rise to malice, wantoness, or intent to injure on the part of the Chief. Nor does it give rise to a claim based upon a specific statute, since no statute has been alleged; and lastly "attempts to file a complaint . . . ." does not provide the existence of circumstances which would make it apparent to the Chief that his failure to act would subject the plaintiff to imminent harm.
Accordingly, the motion to strike as to counts two and three are granted. As to count one, the motion to strike is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT