104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Frances LAGANA, also known as Francis Ragusa, Plaintiff-Appellant,
v.
Denis DILLON, District Attorney Nassau County; Charles
Hynes, District Attorney Kings County; Robert M.
Morgenthau, District Attorney County of New York; William
Bratton, Police Commissioner City of New York; Haliburton
Fales, 2nd, Esq., Department Disciplinary Committee Supreme
Court, Appellate Division First Judicial Department; Gerard
A. Gilbridge, Esq., State of New York Grievance Committee
for the Second and Eleventh Judicial Districts Brooklyn;
Frank A. Gulotta, Jr., State of New York Grievance Committee
for the Tenth Judicial District Syosset, NY; Gerald Stern,
State of New York Commission on Judicial Conduct Albany, NY;
Lawyers Fund for Client Protection of the State of New
York-Frederick Miller; Barbara A. Leak; Commissioner of
Human Resources Administration Department of Income
Maintenance, Defendants-Appellees.
 No. 96-7259.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, Judge).
 APPEARING FOR APPELLANT: Frances Lagana, Pro Se, Brooklyn, NY.
 APPEARING FOR APPELLEE: (Denis Dillon, District Attorney Nassau County) Ernest G. D'Angelo, Special Counsel, Freeport, NY.
 APPEARING FOR APPELLEE: (Robert M. Morgenthau, District Attorney County of New York) Marc Frazier Scholl, Assistant District Attorney County of New York, New York, NY.
 APPEARING FOR APPELLEES: (State of New York/Fales, Gilbridge, Gulotta, Stern, Miller, Leak and Vacco) Richard J. Cardinale, Assistant Attorney General State of New York, New York, NY.
 E.D.N.y.
 AFFIRMED.
 Present: FEINBERG, ALTIMARI, and PARKER, Circuit Judges.
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by appellant pro se and by counsel for appellees.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be and it hereby is AFFIRMED.
 Plaintiff-Appellant Frances Lagana appeals from a judgment entered in the United States District Court for the Eastern District of New York (Ross, J.) dismissing her civil rights complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 1
 Lagana filed a pro se § 1983 complaint, pursuant to 42 U.S.C. § 1983, against three District Attorney's ("DAs") and the Police Commissioner ("the city defendants"); and six members of several state agencies which enforce attorney discipline ("the state defendants"). Lagana added the Commissioner of the Human Resources Administration ("the Commissioner") as a defendant in an amended complaint. Lagana alleges that she was wrongfully evicted from her home in Brooklyn, New York on August 13, 1986, by unspecified persons, and that a court-appointed receiver, who is not a party to the action, committed fraud when he sold her house and denied her any of the proceeds from the sale. Lagana also alleged that she contacted the defendants in an attempt to secure a share of the proceeds from the sale of her home, to no avail. The district court granted the defendants' motions to dismiss the complaint and the instant appeal followed.
 
 
 2
 We review a district court's grant of a motion to dismiss de novo. International Audiotext Network, Inc. v. AT & T, 62 F.3d 69, 71 (2d Cir.1995). We accept the material facts alleged in the complaint as true and affirm only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir.1995).
 
 
 3
 Lagana's only claim against the three DAs is that they failed to prosecute the court-appointed receiver for the fraudulent eviction and/or sale of her home, even after Lagana allegedly complained. The DAs, however, are absolutely immune from suit for damages with respect to a decision whether or not to prosecute. Dacey v. Dorsey, 568 F.2d 275, 278 (2d Cir.1978); see Pinaud v. County of Suffolk, 52 F.3d 1139, 1147-48 (2d Cir.1995). Moreover, the damages claims against the DA offices are barred by the Eleventh Amendment doctrine of sovereign immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 4
 Nor do we find that Lagana has alleged a cognizable Fourteenth Amendment claim against the DAs. Because Lagana stated that she was evicted on August 13, 1986, and did not file her complaint in federal court until October 3, 1994, her claim is barred by New York's three-year statute of limitations for § 1983 actions. See N.Y. C.P.L.R. § 214(5) (McKinney 1990); Owens v. Okure, 488 U.S. 235, 250 (1989).
 
 
 5
 Since Lagana has not provided any information regarding the date of the sale of her home by the court-appointed receiver, we cannot determine whether a claim arising from the sale or the denial of the proceeds of that sale is barred by the applicable statute of limitations. However, even assuming that the sale and alleged withholding of the proceeds occurred within three years prior to the filing of the complaint, and assuming that she was deprived of a property interest without due process, see Mathews v. Eldridge, 424 U.S. 319, 332 (1976), Lagana has failed to show that any of the defendants were personally responsible for that deprivation. See Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir.1989). At most it appears that Lagana alleged that none of the defendants took satisfactory action after Lagana appealed to them for help. However, there is no indication that any of the defendants owed any duty to Lagana upon which a § 1983 claim could be based. Cf. Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir.1990). Thus, we find that these claims were properly dismissed by the district court. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987).
 
 
 6
 As for the claims against the HRA Commissioner, which were dismissed prior to service, the district court has the power to dismiss a complaint sua sponte for failure to state a claim, Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir.1994) (citing Leonhard v. United States, 633 F.2d 599, 609 n. 11 (2d Cir.1980)), or where the complaint lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 324, 325 (1989). Because the court properly concluded that Lagana's complaint failed to state a claim against any of the defendants under § 1983, it did not abuse its discretion in sua sponte dismissing the claims against the Commissioner of HRA. Because it appears beyond doubt that Lagana can prove no set of facts in support of her claims which would entitle her to relief, we affirm the judgment of the district court. Lagana's motion to supplement the record is denied as moot.