**Christopher Earl STRUNK,
Plaintiff–Appellant,**

v.

**NEW YORK STATE INSURANCE FUND, Terence L. Morris, Kenneth J. Ross, A. Gilbert, Semarak, Defendants–Appellees.**

**Docket No. 02–7433.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Christopher Earl Strunk, pro se, Brooklyn, New York, for Appellant.

No Appearances for Appellee.

Present CARDAMONE, MINER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Christopher Earl Strunk, *pro se,* appeals from the March 22, 2002 judgment of the United States District Court for the Eastern District of New York (Nina Gershon,

J.) *sua sponte* dismissing his complaint against the New York State Insurance Fund ("NYSIF") and its employees, Terence L. Morris, Kenneth J. Ross, A. Gilbert, and Semarak, pursuant to 28 U.S.C. § 1915(e)(2). Strunk also appeals the district court's April 12, 2002 Order denying his Fed.R.Civ.P. 60(b) motion. "We review a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)[2] ... *de novo*," *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001), and the denial of a Rule 60(b) motion for abuse of discretion, *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

Strunk's complaint alleged that his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 11 of the New York Constitution were violated when the NYSIF refused to issue a workers' compensation policy to Hardwick & Company, Inc., of which Strunk is president, in accordance with New York State Workers' Compensation Law § 93. Strunk brought suit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and sought monetary damages and a declaratory judgment.

We agree with the district court, for substantially the reasons set forth in its March 18, 2002 Order of Dismissal, that Strunk's claims against the NYSIF, a state agency, are barred by the Eleventh Amendment, *Lipofsky v. Steingut,* 86 F.3d 15, 17 (2d Cir.1996), as are those against the individual defendants to the extent that Strunk seeks monetary and retrospective declaratory relief from them in their official capacities, *Berman Enters., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir.1993). Strunk's argument that his claims are not barred by the Eleventh Amendment because as a citizen of New York he is entitled to bring suit against the state disregards basic Eleventh Amendment jurisprudence. *Mancuso v. New York State Thruway Auth.,* 86 F.3d 289, 292 (2d Cir. 1996).

Strunk also argues that the individual defendants acted illegally by denying him his rights to due process and equal protection. Although Strunk's claims seeking monetary damages and declaratory relief from the state officials in their individual capacities are not barred by the Eleventh Amendment, he fails to state a claim under §§ 1983, 1985 or 1986. Strunk's § 1983 equal protection claim fails because he does not allege membership in a vulnerable class, or demonstrate that he was treated differently from other similarly situated individuals and that there was no rational basis for the unequal treatment. *Harlen Assocs. v. Incorporated Village of Mineola,* 273 F.3d 494, 499 (2d Cir.2001). Strunk also does not allege the existence of a property interest in the issuance of a workers' compensation policy or that he was irrationally or arbitrarily denied coverage, as required to state a due process claim. *Crowley v. Courville,* 76 F.3d 47, 52 (2d Cir.1996). For the reasons stated by the district court, Strunk does not state a § 1985 claim. Because he does not state a § 1985 claim, Strunk also cannot state a claim under § 1986. *Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir.1978).

We also concur with the district court's reasoning, set forth in its April 12, 2002 Order, that Strunk has not shown the presence of mistake, newly discovered evidence, or any other grounds, including extraordinary circumstances, that would entitle him to relief from the final judgment pursuant to Rule 60(b). *See Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986).

Accordingly, the judgment of the district court is hereby AFFIRMED.