Gene DALY, Plaintiff,

v.

**DEPARTMENT OF ENERGY,**
Defendant.

No. 89–C–1906.

United States District Court,
D. Colorado.

July 3, 1990.

---

Sheldon Friedman, Denver, Colo., for plaintiff.

Paula M. Ray, Asst. U.S. Atty., Denver, Colo., Michael C. Theis, Dept. of Justice, Commercial Litigation Branch, Washington, D.C., I. Avrum Fingeret, U.S. Dept. of Energy, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff has filed this action against his former employer, the Department of Energy ("DOE"), asserting claims under the "whistle blower" provision of the False Claims Act, 31 U.S.C. § 3729 *et seq.* Defendant DOE has filed a motion to dismiss supported by an extensive brief accompanied by exhibits. Plaintiff has responded in a brief opposing the motion. I have read the briefs as well as the accompanying comments and have fully considered the arguments. Oral argument would not materially assist my decision. Jurisdiction is contested.

### I. Background.

#### A. The False Claims Act.

The False Claims Act provides civil penalties against a person who submits a false claim for payment to the United States. 31 U.S.C. § 3729. To encourage individuals to report false claims, Congress provided that any person may commence, in his own name but for the benefit of the United States, a civil action for violation of § 3729. If the action is successful, a portion of the recovery is given to the private plaintiff. An individual bringing such an action is called a "relator." Once the relator files the action, the government can intervene and control the case.

Because of their inside information, the persons most likely to become relators are employees of government contractors. To protect them from retaliation by their employers, Congress added a whistle blower provision to the False Claims Act. 31 U.S.C. § 3730(h). This sub-section provides that any employee subjected to an adverse employment action because of his or her whistle blowing may recover "all relief necessary to make the employee whole."

#### B. Plaintiff's Claim.

Plaintiff, a career federal employee, was employed by DOE as a Financial Manager, GM–13 at Naval Petroleum Reserve Three. In 1982, pursuant to his job responsibilities, the plaintiff reported improprieties by the private contractor managing the Teapot Dome project. Plaintiff alleges, and I must take as true for purposes of the instant motion to dismiss, that DOE personnel including some of his supervisors were also involved. Following the plaintiff's report, his performance appraisals declined. On July 2, 1987, the plaintiff's superiors terminated his employment, citing as grounds misuse of non-public information,

insubordination, untruthfulness, and inappropriate office behavior.

Following his dismissal, the plaintiff petitioned the Merit Systems Protection Board ("MSPB"). An administrative law judge issued an initial decision finding that the plaintiff had not been removed in retaliation for his whistle blowing activities and affirming the agency action. Plaintiff then petitioned for a full board review of the initial decision. On July 19, 1988, the MSPB denied the petition, and the initial decision became final. Plaintiff next appealed the MSPB decision to the United States Court of Appeals for the Federal Circuit. That court affirmed the MSPB's decision.

On November 1, 1989, the plaintiff commenced this action seeking reinstatement, back pay, and compensatory and special damages. Defendant filed the instant motion to dismiss asserting: (1) that this court lacks subject matter jurisdiction because the United States is immune from suit in these circumstances and the Civil Service Reform Act is the plaintiff's exclusive remedy; and (2) that *res judicata* bars the plaintiff's claims. Because I conclude that this court lacks subject matter jurisdiction, it is unnecessary to decide whether *res judicata* bars the plaintiff's claims.

## II. Analysis.

### A. Sovereign Immunity.

 Plaintiff's complaint names the DOE as defendant, and seeks money damages. A suit against a federal agency is deemed to be a suit against the United States "if judgment would expend itself on the public treasury or domain...." *Dugan et al. v. Rank et al.*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Therefore, this action must be construed as a suit against the United States. As sovereign, the United States is immune from suit unless it expressly has consented to be sued. The terms of its consent to be sued define the court's jurisdiction to entertain the suit. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Ascot Dinner Theatre, Ltd. v. Small Business Administration*, 887 F.2d 1024, 1027 (10th Cir.1989). It follows that

the plaintiff's claim against the United States is barred except to the extent that the United States may have waived sovereign immunity.

 Waiver of sovereign immunity can not be implied, but must be unequivocally expressed. *Testan*, 424 U.S. at 399, 96 S.Ct. at 953–54; *Ascot*, 887 F.2d at 1027. Plaintiff asserts two bases for subject matter jurisdiction, 28 U.S.C. § 1331 and 31 U.S.C. § 3730(h). Absent a clear waiver of sovereign immunity in one of the statutes relied on to support jurisdiction, the action must be dismissed.

### B. Section 1331 Does Not Waive Sovereign Immunity.

 Plaintiff's assertion that 28 U.S.C. § 1331 constitutes a waiver of sovereign immunity is without merit. That section provides: "The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

It may be agreed that every claim against the United States presents a federal question. Therefore, if § 1331 constituted a waiver of sovereign immunity, every plaintiff with a claim against the United States or one of its agencies could maintain a federal district court action. Clearly this is not the law. Section 1331 implies no general waiver of sovereign immunity. *See A.L. Rowan & Son, General Contractors, Inc. v. Dep't of Housing and Urban Development et al.*, 611 F.2d 997, 1000 (5th Cir.1980).

### C. Sub–Section 3730(h) Is Inapplicable to Federal Employees.

 To deal with employment claims by federal employees, Congress enacted the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. 95–454, 92 Stat. 1111 *et seq.* (codified, as amended in various sections of United States Code Title 5). This Act provided an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations." *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). On

April 10, 1989, Congress amended the CSRA. Pub.L. 101–112, § 3(a)(13), 103 Stat. 21, 5 U.S.C. § 1201 *et seq.* A provision to protect federal employees who engage in whistle blowing was added to 5 U.S.C. § 1213. Moreover, the definition of prohibited personnel practices contained in 5 U.S.C. § 2302, was expanded to forbid retaliation against employee whistle blowers by protecting:

"any disclosure of information by an employee ... which the employee ... reasonably believes evidences—(i) a violation of any law, rule or regulation, or (ii) gross mismanagement, a gross waste of funds...."

These provisions evidence Congressional intent to: (1) create a comprehensive system encouraging federal employees to report unlawful activity; and (2) protect federal employee whistle blowers. If federal employees already had been covered by the False Claims Act, and particularly by its whistle blower provision, these provisions would not have been needed.

In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a cause of action for damages against a federal official who engages in unconstitutional conduct. The Court, however, cautioned that in the absence of affirmative action by Congress, courts should decline to create an additional remedy if there are any "special factors counseling hesitation." *Id.,* at 396, 91 S.Ct. at 2005. In *Bush, supra,* the existence of a comprehensive statutory scheme such as the CSRA was found to be such a special factor.

*Bush supra,* involved a federal employee who claimed that his supervisors had violated his First Amendment rights. The Supreme Court held that because the claim arose "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, (the CSRA) ... it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy." *Bush,* 462 U.S. at 368, 103 S.Ct. at 2406.

Furthermore, the Supreme Court has declined to create a *Bivens* type remedy in actions arising from federal employment, even where no statutory remedy was available. *See Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). There is no reason to believe that the rule is more expansive in cases involving statutory rather than constitutional rights.

I conclude that Congress intended the CSRA as the sole remedy for federal employees in the plaintiff's circumstances. *Premachandra v. United States,* 739 F.2d 392 (8th Cir.1984). In particular, Congress intended 5 U.S.C. §§ 1213 and 2302 to provide the exclusive remedy for federal employees who suffer retaliation as a result of whistle blowing. Therefore, I find and conclude that federal employees can not assert claims under 31 U.S.C. § 3730(h).

### D. Sub–Section 3730(h) Does Not Waive Sovereign Immunity.

Even if Congress intended that 31 U.S.C. § 3729 *et seq.* cover federal employees, sub-section 3730(h) does not waive sovereign immunity. To encourage individuals to report false claims, Congress enacted the False Claims Act. To protect the relator, Congress enacted the whistle blower provision. An employee may commence an action in federal court if he or she is discharged "because of lawful acts done by the employee ... in furtherance of an action under this section." 31 U.S.C. § 3730(h). The instant case presents the question whether sub-section 3730(h) constitutes a waiver of sovereign immunity.

Plaintiff asserts that a waiver of sovereign immunity should be read into the statute because it clearly envisions actions brought by federal employees. In support of his position, the plaintiff cites *Erickson v. American Institute of Bio Sciences,* 716 F.Supp. 908 (E.D.Va.1989). In *Erickson,* the court concluded that sub-section 3729(h) permitted government employees to sue as relators. Plaintiff misunderstands *Erickson,* and the distinction between the rights of relators and whistle blowers.

In *Erickson* the American Institute of Biologic Sciences ("the Institute") allegedly submitted a false claim to the United States in violation of the False Claims Act. Pursuant to § 3729, *Erickson* commenced a federal court action. The Institute moved to dismiss, asserting that Erickson, a federal employee, could not maintain the action. The court held that a federal employee could be a relator. However, Erickson did not bring an action against the United States, and therefore the court did not address the sovereign immunity issue presented here. Thus *Erickson* is inapplicable.

As stated above, a waiver of sovereign immunity can not be implied, but must be unequivocally expressed. *Testan*, 424 U.S. at 399, 96 S.Ct. at 953–54. Sub-section 3730(h), does not unequivocally express Congressional intent to waive sovereign immunity. To the contrary, as stated, the CSRA creates a comprehensive remedy for a federal employee who is discharged because of whistle blowing. Therefore, I can not conclude that Congress intended to waive sovereign immunity when it enacted subsection 3730(h).

### E. Federal Tort Claims Act Inapplicable.

Plaintiff asserts that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1976), applies because his wrongful discharge claim sounds in tort. While I am unconvinced that the plaintiff's claim is for wrongful discharge, I need not decide the issue. Assuming that the plaintiff's claim pleads a tort, I conclude that the FTCA is inapplicable, for that Act provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a *discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680.

United States Code Title 5, sections 7512 and 7513 empower a federal agency to remove an employee from service "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). Employment decisions are discretionary, within the meaning of the FTCA's discretionary function exception. Therefore they are not reviewable by litigation under the FTCA. *Premachandra v. United States*, 574 F.Supp. 365 (E.D.Mo.1983) *aff'd* 739 F.2d 392 (8th Cir.1984).

### III. Conclusion.

In summary, I conclude that Congress intended the CSRA to provide federal employees an exclusive remedy for adverse employment actions in retaliation for "whistle blowing." Further, Congress did not intend 31 U.S.C. § 3729 *et seq.* to cover federal employees. I further conclude that even if 31 U.S.C. § 3729 *et seq.* did apply to federal employees, sub-section 3730(h) does not waive the federal government's sovereign immunity. Therefore, this court lacks subject matter jurisdiction and this action must be dismissed.

IT IS ORDERED that:

(1) The defendant's request for oral argument is denied;

(2) The defendant's motion to dismiss for lack of subject matter jurisdiction is granted; and

(3) The plaintiff's complaint and action are dismissed.