**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

LEANORA TEMPLETON,

       Plaintiff-Appellant,

v.

NEODATA SERVICES, INC.,

       Defendant-Appellee,

No. 98-1106

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 96-D-1576)

**On the Briefs:**

Leanora F. Templeton, Pro Se.

David D. Powell, Jr. and Jimmy Goh, of Holland & Hart LLP, Denver, Colorado,
for Defendant-Appellee.

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Leonora Templeton, proceeding pro se, sued her former employer, Neodata Services, asserting a claim for breach of Neodata's duty to provide reasonable accommodation under the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.* (ADA), and claims under state law for breach of implied contract and promissory estoppel. The district court granted summary judgment for Neodata, concluding that Mrs. Templeton's refusal to provide information from her physician on her medical condition constituted a breakdown in the interactive process required under the ADA, and was therefore sufficient to preclude her claims under that act and state law.[1] We affirm.[2]

We review the grant of summary judgment de novo, examining the record and the reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997). Summary judgment is appropriate only when the evidence shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

---

[1] Mrs. Templeton does not address the district court's disposition of her state law claims on appeal and we therefore deem them abandoned.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The undisputed facts establish that Mrs. Templeton began employment with Neodata in 1993. In June 1994, she was involved in an automobile accident and suffered serious head and neck injuries. As a result, she took a medical leave of absence through July 1994. Her initial attempt to return to work was unsuccessful and she took short-term disability leave from January 1995 through July 1995. Thereafter she sought long-term disability benefits, which were approved in September 1995.

In August 1995, Mrs. Templeton's treating physician, Dr. Rae Ann Frantz, wrote a letter to Neodata's insurance carrier describing Mrs. Templeton's current diagnosis and medications. Dr. Frantz stated that she had "not yet seen a detailed job description to answer specifically what duties [Mrs. Templeton] can or cannot perform." Rec., Def.'s Reply to Plaintiff's Verified Response to Def.'s Motion for Summary Judgment, Ex. B. Although Dr. Frantz stated that she expected Mrs. Templeton to be able to return to work on October 2, 1995, Dr. Frantz qualified that opinion as follows.

> This may be further delayed if she does not respond conservatively to therapy for her Carpel Tunnel Syndrome or her Cervical Radiculopaty. Until further evaluation and diagnostic clarification is made, I cannot say whether she will be a candidate for corrective surgery. If she is, further delays are expected. I believe her prognosis of return to her previous occupation full time is only fair. I base this on her long-term absence from work and her incomplete and slow response to therapies to date.

*Id.*

In response, Neodata's benefits manager wrote to Dr. Frantz on October 16 enclosing a job description for the position held by Mrs. Templeton before she took medical leave. The benefits manager further stated:

> Lastly, enclosed is an updated Physician Certification we request you complete providing an updated status regarding [Mrs. Templeton's] ability to return to work. The last statement referenced a return date of October 1, 1995, however, [Mrs. Templeton] has not returned to work pending resolution of the items addressed in your letter of August 28, 1995. As we are anxious to work with [Mrs. Templeton] in her recuperation process, please complete the enclosed certification and return to my attention by October 23, 1995. Our insurance carrier is also in need of a medical status update before any additional disability benefits can be paid to [Mrs. Templeton].

*Id.* The enclosed certification was captioned "Certification of Health Care Provider (Family and Medical Leave Act of 1993)." *Id.*

It is undisputed that the certification was never provided to Neodata. Mrs. Templeton admitted that she refused to authorize Dr. Frantz to release the requested information because Mrs. Templeton believed that Neodata was preparing to place her on medical leave against her wishes. The record reveals that relations between Mrs. Templeton and the attorneys representing Neodata degenerated and that no further productive exchange between the parties occurred with respect to Mrs. Templeton's desire to return to work. On November 10, 1995, Noedata sent Mrs. Templeton a letter citing her refusal to meet with Neodata personnel to discuss her return to work and her failure to cooperate with requests for an updated physician's certification. The letter again requested the

-4-

updated certification and stated that failure to provide it by November 16, 1995, would constitute job abandonment and would result in the termination of her employment. Mrs. Templeton did not provide the certificate and her employment was terminated effective November 30, 1995.

In granting summary judgment for Neodata, the district court ruled that Mrs. Templeton was not terminated for reasons remediable under the ADA, but rather because of her refusal to provide medical information that was reasonably requested by her employer. We agree that Mrs. Templeton has failed to establish a violation of the ADA.

The federal regulations implementing the ADA "envision an interactive process that requires participation by both parties." *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996); *see also Woodman*, 132 F.3d at 1344-45 & n.15. Neodata's request for updated medical information was reasonable in light of Dr. Frantz' August letter indicating real doubt as to Mrs. Templeton's ability to return to work in October. It is clear under the undisputed facts that Neodata needed the requested information in order to determine appropriate reasonable accomodation for Mrs. Templeton in the event she was able to return to work at all.[3]

---

[3] We agree with the district court that Mrs. Templeton's duty to provide Neodata with information on her medical condition as part of the ADA interactive
(continued...)

The court in *Beck* considered very similar circumstances and ruled that "[w]here the missing information is of the type that can only be provided by one of the parties, failure to provide the information may be the cause of the breakdown and the party withholding the information may be found to have obstructed the process." *Beck*, 75 F.3d at 1136; *see also Steffes v. Stepan Co.*, 144 F.3d 1070, 1073 (7th Cir. 1998) (noting that when the employee "fail[s] to hold up her end of the interactive process by clarifying the extent of her medical restrictions, [the employer] cannot be held liable for failing to provide reasonable accommodations"). Here, as in *Beck*, the employee's failure to provide medical information necessary to the interactive process precludes her from claiming that the employer violated the ADA by failing to provide reasonable accomodation.[4] An employer cannot be expected to propose reasonable accomodation absent critical information on the employee's medical condition and the limitations it

---

[3](...continued)
process is not excused by her fear that Neodata intended to place her on medical leave without her consent. Even assuming such conduct by Neodata could support a claim under the ADA for failure to provide reasonable accomodation, that claim would only arise after Mrs. Templeton satisfied her duty "to notify the employer of the nature of her disability." *Woodman v. Runyon*, 132 F.3d 1330, 1345 (10th Cir. 1997).

[4] Mrs. Templeton argues that Neodata should have requested her to visit the company physicians to obtain the requested information. However, in view of her position that she was justified in refusing to provide the information because she believed Neodata was seeking it in an attempt to place her on medical leave against her wishes, we see no significance in Neodata's failure to direct her to see the company's physicians.

imposes.

Accordingly, we **AFFIRM** the grant of summary judgment for Neodata.[5]

---

[5] Mrs. Templeton argues on appeal that the district court was biased against her because she was unrepresented by counsel. Our review of the record reflects that, to the contrary, the district court was commendably solicitious of Mrs. Templeton and her efforts to pursue her claims. That court, however, like this court, must base its decision on the record.