**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERSILIA E. YURMANN,

      Plaintiff-Appellant,

v.

TOGO WEST, in his official capacity
as Secretary of the Army,

      Defendant-Appellee.

No. 98-2163
(D.C. No. CIV-95-1226-HB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ersilia E. Yurmann appeals from the district court's entry of summary judgment in favor of defendant on her claims filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

Appellant is employed by the Department of the Army at White Sands Missile Range, New Mexico. She alleged that the Army wrongfully failed to promote her based on sex discrimination and retaliation for protected activities. The district court granted summary judgment based on its finding that appellant presented no evidence to show that the facially legitimate reasons defendant produced for promoting another employee were a pretext for illegal discrimination.

The case is expressly narrowed on appeal. See Appellant's Br. at 8. Appellant argues that the district court erred: (1) in finding that she presented no evidence of pretext for the employee selection White Sands made; and (2) in granting summary judgment on her sex discrimination claim instead of letting that claim proceed to trial.

"We review the grant of summary judgment de novo, examining the record and the reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." Templeton v. Neodata Servs., Inc., 162 F.3d 617, 618 (10th Cir. 1998).

We have carefully reviewed the district court's decision, the parties' briefs, and the record on appeal. We find no error, and affirm for substantially the same reasons as those set forth in the district court's memorandum opinion filed on May 5, 1998.

AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge