**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDREW L. ROBERTS,

      Plaintiff-Appellant,

v.

CUSHING REGIONAL HOSPITAL,

      Defendant-Appellee.

No. 99-5033
(D.C. No. 97-CV-1117-K(J))
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment to defendant on plaintiff's claim that he was discharged from his employment because of a mental disability, in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. [1] We review the district court's grant of summary judgment de novo, applying the same standards as the district court under Fed. R. Civ. P. 56(c). *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1159 (10th Cir. 1999). Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See id.* at 1159-60.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case to survive summary judgment.

*Sorensen v. University of Utah Hosp.*, 194 F.3d 1084, 1086 (10th Cir. 1999) (alteration in original) (quotations omitted).

The ADA prohibits employers from discriminating against individuals on the basis of their disabilities.

> [T]o qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable

---

[1] The district court also entered summary judgment in favor of defendant on plaintiff's state law claim for intentional infliction of emotional distress, but plaintiff does not appeal that ruling.

accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

*White v. York Int'l Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995). The district court concluded that plaintiff's claim failed on the first element because plaintiff did not establish that his mental impairment substantially limited one or more major life activities. *See* 42 U.S.C. § 12102(2) (defining what constitutes a disability under the ADA). The court further concluded that plaintiff's claim failed on the second element because plaintiff refused a reasonable accommodation that was offered and otherwise refused to participate in the interactive process of arriving at a reasonable accommodation. *See Smith*, 180 F.3d at 1171-72, 1177 (describing parties' respective obligations in the interactive process and noting that once an employer offers a reasonable accommodation, its duties are discharged); *Templeton v. Neodata Servs., Inc.*, 162 F.3d 617, 619 (10th Cir. 1998) (holding that employee may not recover under ADA if he refuses to participate in interactive process of arriving at reasonable accommodation).

We have carefully reviewed the parties' briefs, the record on appeal, and the pertinent law, and we find no reversible error in the district court's ruling.

Therefore, we AFFIRM the judgment of the district court for substantially the reasons set forth in its order of January 11, 1999.

Entered for the Court

John C. Porfilio
Senior Circuit Judge