**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TOD N. ROCKEFELLER,

       Plaintiff-Appellant,

v.

SPENCER ABRAHAM, in his official
capacity as Secretary, United States
Department of Energy,    *

       Defendant-Appellee.

Nos. 00-2480 & 01-2054
(D.C. No. 99-CV-1059 PJK/KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT**  **

---

Before **TACHA** , Chief Judge,  **BALDOCK** , Circuit Judge, and  **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     Spencer Abraham is substituted for his predecessor, Bill Richardson, as
Secretary of Energy.   *See* Fed. R. App. P. 43(c)(2).

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff Tod N. Rockefeller, appearing *pro se*, appeals the district court's grant of summary judgment to his former employer, the Department of Energy, on his consolidated complaints alleging disability discrimination and retaliation in violation of Title VII and the False Claims Act. [1] We review the grant of summary judgment *de novo*, using the same standard as the district court. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We affirm.

---

[1] Plaintiff filed a notice of appeal (No. 00-2480) from the district court's September 28, 2000 order dismissing his retaliation claim under the False Claims Act. This court issued an order to show cause as to why that appeal should not be dismissed for lack of a final order adjudicating all claims. The district court subsequently entered a final order on December 20, 2000 dismissing all of plaintiff's remaining claims, from which plaintiff has also appealed (No. 01-2054). We will treat plaintiff's appeal in No. 00-2480 as a premature notice of appeal which became effective upon the district court's final order. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc). Accordingly, we have jurisdiction over both appeals, which have been consolidated.

## I. Background

Plaintiff was an environmental specialist with the Department of Energy when, in September 1997, the Department notified him that it proposed to remove him from that position because of poor performance. He filed a claim with the Merit Systems Protection Board (MSPB) claiming the proposed termination was in retaliation for alleged whistle-blowing activities. An MSPB administrative judge issued an initial decision in November 1997 finding that defendant had not engaged in protected whistle-blowing activities. Plaintiff filed a petition for review with the MSPB.

The Department terminated plaintiff in December 1997 and he filed another claim with the MSPB, claiming he was fired because of alleged disabilities, in retaliation for protected activity under Title VII and in retaliation for alleged whistle-blowing activities. Following an administrative hearing, an MSPB administrative judge found that the Department had sustained its burden of demonstrating that plaintiff's performance was unacceptable. The administrative judge further found that plaintiff had failed to demonstrate that he had engaged in protected whistle-blowing activities, that his termination was related to his claimed whistle-blowing activities or employment discrimination activities, that he was disabled or that his termination was related to his alleged disability.

Plaintiff filed a petition for review with the MSPB. He also filed a claim with the Department of Labor, raising the same claims as raised before the MSPB.

Plaintiff then filed a motion with the MSPB requesting it dismiss both his pending petitions for review. The MSPB granted his motion, but informed plaintiff of his deadline for filing any request to re-file his petitions. Plaintiff later filed an untimely motion with the MSPB seeking to re-file his petitions for review. The MSPB denied his motion, finding that the petitions were untimely filed without good cause. The MSPB informed plaintiff that his only right of review was to the Federal Circuit Court of Appeals. Plaintiff did not file an appeal of the MSPB's order, but instead filed a motion for reconsideration with the Equal Employment Opportunity Commission (EEOC), which denied the motion for lack of jurisdiction to review the MSPB's order.

Plaintiff then filed his complaint in New Mexico federal district court, alleging that he was denied reasonable accommodations for his claimed disabilities, in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189, and the Rehabilitation Act, 29 U.S.C. §§ 701-96, and that he suffered adverse employment actions in retaliation for complaining to the Department's EEO office, in violation of Title VII, 42 U.S.C. § 2000e through § 2000e-17. Plaintiff amended his complaint to further allege that he suffered adverse employment actions, including his termination, in retaliation for engaging

-4-

in whistle-blowing activities, in violation of 31 U.S.C. § 3730(h) of the False Claims Act (FCA). Plaintiff later filed another complaint, which was consolidated with his earlier complaint, alleging that the Department intimidated his physicians to prevent him from receiving treatment, in violation of the ADA and the Rehabilitation Act.

## II. Analysis

### A. Discovery Motions

Plaintiff contends the district court erred in various rulings it made concerning the discovery process. We review discovery rulings for an abuse of discretion. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994). Plaintiff first argues the district court erred in denying his motion to compel production of numerous documents, including documents relating to all of the Department's firing decisions; the personnel records of all employees plaintiff suspected of having any role in his termination; records pertaining to the Department's search methodology in responding to his discovery requests; and information concerning the Department's Waste Isolation Pilot Program. The district court denied plaintiff's motion to compel, finding that his requests for production were overly broad, unduly burdensome and unrestricted by topic and date and that plaintiff had failed to demonstrate the relevance or potential relevance of the requested information. We find that the district court allowed

plaintiff ample discovery and did not abuse its discretion in denying plaintiff's motion to compel. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

Next, plaintiff argues the district court erroneously denied his motion requesting it to accept a 748-page binder of "self-authenticated" documents. R. Doc. 56. The district court denied the motion, but explained to plaintiff that he could reference and attach any documents he viewed as relevant in seeking or defending against summary judgment or at trial, and that the Department could raise any objections at that time. We find no error in the district court's order.

B. False Claims Act

The FCA authorizes suit by a private person who has been discriminated against in his employment because of his whistle-blowing activities under the FCA. 31 U.S.C. § 3730(h). The district court dismissed plaintiff's FCA claim, however, because the civil remedy provided in § 3730(h) does not apply to federal employees; rather, as a federal employee, plaintiff's exclusive remedy for his allegation that he was discharged in retaliation for whistle-blowing activities is under the Civil Service Reform Act. *See Le Blanc v. United States*, 50 F.3d 1025, 1029-30 (Fed. Cir. 1995); *Daly v. Dep't of Energy*, 741 F. Supp. 202, 205-06 (D. Colo. 1990).

Plaintiff claims that the district court's dismissal of his FCA claims was in error, but he does not take issue with its legal conclusion that § 3730(h) is inapplicable to federal employees or that his exclusive remedy was under the CSRA. Although plaintiff's argument is hard to follow, it appears he is arguing that he intended this claim to be under the Solid Waste Disposal Act, 42 U.S.C. § 6971 (SWDA), and that the district court mischaracterized or disregarded his SWDA claim. This argument is without merit. Plaintiff's complaint clearly raised an FCA claim and he did not assert any claim under the SWDA. Plaintiff did attempt to amend his complaint to add claims under the Clean Air Act and the SWDA after the close of discovery and after the deadline imposed by the district court for filing any amended complaint, but the district court denied his request. The district court did not abuse its discretion in denying plaintiff's request for leave to amend his complaint. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998) (holding that untimeliness alone is sufficient reason to deny leave to amend).

## C. Rehabilitation Act Claim

Plaintiff amended his complaint to allege that the Department violated the Rehabilitation Act and the ADA by requesting medical information from his physicians and medical providers, which he claims the Department requested in order to harass and intimidate his physicians. The district court granted summary

judgment in favor of the Department, finding no evidence that the Department's request was a pretext for discrimination. Plaintiff contends the district court erred in dismissing his claim, arguing, incorrectly, that the ADA prohibits requests for medical information.

Under the ADA and the Rehabilitation Act, the employer has the right to request medical information. *See Templeton v. Neodata Servs., Inc.*, 162 F.3d 617, 619 (10th Cir. 1998). The undisputed evidence demonstrates that the Department requested this medical information pending assessment of plaintiff's request for accommodation due to claimed disabilities. We agree with the district court that the Department's request for medical information was reasonable and that plaintiff presented no evidence to support his speculative allegation that the request was pretextual. Accordingly, the district court correctly granted summary judgment in favor of the Department on this claim.

## D. Remaining Disability and Retaliation Claims

The district court dismissed all of plaintiff's remaining claims that he was denied reasonable accommodations for his claimed disabilities and that he suffered adverse employment actions in retaliation for complaining to the Department's EEO office. "[F]ollowing an adverse agency decision, the employee has the option in a "mixed case" complaint of filing a civil action in the district court rather than appealing to the MSPB." *Wells v. Shalala*, 228 F.3d

-8-

1137, 1143 (10th Cir. 2000); *see also Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 783 (Fed. Cir. 1998) (explaining that "mixed case" is appeal to MSPB from adverse personnel action, coupled with allegations that action was based on prohibited discrimination). However, only the Federal Circuit Court of Appeals has jurisdiction to review MSPB jurisdictional decisions involving mixed claims. *See Wall v. United States*, 871 F.2d 1540, 1542-44 (10th Cir. 1989).

Therefore, to the extent plaintiff sought to appeal the MSPB's dismissal of his request for review as untimely, the district court correctly ruled that it lacked jurisdiction over plaintiff's claim. Further, to the extent plaintiff sought to appeal his mixed case complaint in New Mexico district court, his complaint was untimely because it was filed more than a year after the date the decision of the MSPB's administrative judge became final. *See* 5 U.S.C. § 7703(b)(2) (in mixed case, complainant must appeal MSPB's decision to district court within thirty days after receiving notice of judicially reviewable action).

On appeal, plaintiff argues that the district court should have excused the late filing of his complaint under a "continuing violation" theory or the doctrine of equitable tolling. Neither theory is applicable in this case. Because it is clear from the record that plaintiff was aware of the basis of his complaints at the time he filed his initial complaint with the MSPB, he "cannot rely on a continuing violation theory to avoid the statutory time bar." *Bullington v. United Air Lines,*

*Inc.*, 186 F.3d 1301, 1311 (10th Cir. 1999) (holding that "a continuing violation claim will likely fail if the plaintiff knew, or through the exercise of reasonable diligence would have known, [he] was being discriminated against at the time the earlier events occurred"). Further, the doctrine of equitable tolling is not warranted because neither the Department nor the MSPB deceived or misled plaintiff regarding the procedural prerequisites to appealing his claims nor are there any other extraordinary circumstances that prevented plaintiff from asserting his rights. *See Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED and plaintiff's motion for remand is DENIED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Chief Judge