Tod N. **ROCKEFELLER, Plaintiff,**

v.

**UNITED STATES COURT OF APPEALS OFFICE, FOR the TENTH CIRCUIT JUDGES, et al., Defendants.**

No. CIV.A. 01–2627 RBW.

United States District Court, District of Columbia.

Feb. 7, 2003.

---

Tod N. Rockefeller, Carlsbad, NM.

Heather Graham–Oliver, Esq., U.S. Attorney's Office, Washington.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court upon the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The plaintiff's complaint alleges that the defendants are: (1) criminally liable under 18 U.S.C. §§ 242 and 371 (2000), for violations of the plaintiff's First, Fifth, and Seventh Amendment rights of the United States Constitution; and (2) civilly liable for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2000) ("Title VII"), as a result of his termination by the United States Department of Energy ("DOE"), purportedly in retaliation for allegations he made that the DOE had engaged in violations of safety and environmental laws.[2] Original Complaint ("Compl.") at 1. Upon consideration of the parties' submissions regarding the defendants' motion and for the reasons set forth below, the Court will grant the defendants' motion to dismiss because it is impermissible to bring a private cause of action under 18 U.S.C. §§ 242 and 371. Also, the plaintiff has failed to state a claim upon which relief can be granted under Title VII because he has never been an employee of the defendants. In addition, the Court notes that even if it were to construe the plaintiff's *pro se* complaint liberally and conclude that a claim under 42 U.S.C. § 1983 (2000) has been asserted, the claim

1. Because of the plaintiff's status as a *pro se* litigant, this Court issued an Order on January 3, 2003, as required by *Fox v. Strickland*, 837 F.2d 507 (D.C.Cir.1988), wherein the plaintiff was notified of the potential consequences of failing to fully and completely respond to the defendants' dismissal motion. The plaintiff has failed to respond to the Court's Order.

2. While it is unclear from the plaintiff's original complaint whether he is asserting claims against the defendants in both their official and individual capacities, in a subsequent memorandum submitted to the Court, he clearly states that his claims are only against the defendants in their official capacities. *See* Memorandum in Support of Motion for Leave of Court to File Amended Complaint and Judicial Notice of Adjudicative Facts ¶ 37. In addition, in this same memorandum, the plaintiff sought leave of court to amend his complaint to indicate that this Court should take judicial notice of certain adjudicative facts that he claims the defendants admitted to by not filing a brief in opposition to his petition for a writ of certiorari before the United States Supreme Court. Apparently, the plaintiff is also seeking to add the Chief Justice of the Supreme Court, William Rehnquist, as a defendant in this case, as he added the Chief Justice's name to the list of defendants in the caption of this case. While this Court recognizes that pursuant to Federal Rule of Civil Procedure 15(a) leave to file an amended complaint "shall be freely given when justice so requires[,]" the Court concludes that no such need exists in this case. The Court agrees with the defendants that justice does not require the amendment of a complaint when such an amendment would be futile. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir., 1996); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996); *Moldea v. New York Times*, 22 F.3d 310, 319 (D.C.Cir.1994). First, the Court notes that the defendants in this case are not parties to the case that is the subject of the plaintiff's petition for a writ of certiorari and thus were not obligated to file a brief with the Supreme Court in that case. In addition, even if they had been parties in that case, the filing of an opposition brief is voluntary and not a mandatory obligation and therefore the failure to file an opposition cannot constitute an admission. *See* Sup.Ct. R. 12(6). Second, the Court notes that the plaintiff's apparent attempt to add Chief Justice Rehnquist as a defendant in this case is futile. This is because the plaintiff fails to assert any additional claims against the Chief Justice that would survive a motion to dismiss, as he has failed to assert any factual allegations or claims against Chief Justice Rehnquist, and even if he had, any such claims against Chief Justice Rehnquist would have to be dismissed for the same reasons the Court, as set forth below, is dismissing the claims against the New Mexico district judge and the Tenth Circuit judges.

would still have to be dismissed. This is because a § 1983 claim upon which relief could be granted can never be established against a federal government official for the performance of his or her official duties, and in any event, the defendants are entitled to the protection of absolute immunity.[3]

## I. *Factual Background*

In April 1993, the plaintiff began his employment at the DOE as an Environmental Scientist at the Carlsbad Area Office in Southeastern New Mexico. Compl. ¶ 9. In September 1997, the plaintiff filed a claim with the DOE's Merit System Protection Board ("MSPB") after the DOE notified him that it proposed to terminate his employment because of poor job performance. *See Rockefeller v. Abraham,* 23 Fed.Appx. 893 (10th Cir.2001). In his claim before the MSPB, the plaintiff alleged that the proposed termination was in retaliation for alleged whistle-blowing activities he had engaged in regarding his prior identification of the DOE's purported violations of safety and environmental laws. *Id.* In November 1997, an MSPB administrative judge issued an initial decision finding that the plaintiff had not engaged in protected whistle-blowing activities, and the plaintiff filed a petition for review of that decision with the MSPB. *Id.*

Upon actually being terminated by the DOE in December 1997, the plaintiff filed another claim with the MSPB asserting that he was fired because of an alleged disability, as retaliation for having engaged in protected activity under Title VII and for engaging in the previously asserted whistle-blowing activities.[4] *Id.* After an

administrative hearing was held on these claims, the MSPB ruled in favor of the DOE, concluding that it had sustained its burden of proof by demonstrating that the plaintiff's termination was due to his unacceptable job performance. *Id.* In addition, the MSPB held that the plaintiff failed to prove that he engaged in protected whistle-blowing activity, that his termination resulted from employment discrimination, that he suffered from a disability, or that his termination was related to a disability. *Id.* Plaintiff then filed a petition for review with the MSPB, which was later voluntarily dismissed by the plaintiff. *Id.* In granting the plaintiff's request for voluntary dismissal, the MSPB required that if the plaintiff re-filed his petition, he had to do so by a specified deadline. *Id.* When the plaintiff attempted to re-file his petition after the expiration of the designated deadline, the MSPB denied the petition due to its untimeliness and the plaintiff's failure to show good cause why it should be accepted late. *Id.*

Thereafter, the plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which was later denied for lack of jurisdiction. *Id.* After the EEOC dismissal, the plaintiff filed a complaint in the United States District Court for the District of New Mexico alleging that: (1) the DOE denied him reasonable accommodations for his disabilities as guaranteed by the American's with Disabilities Act ("ADA"), 42 U.S.C. §§ 12,181–89 (2000), and the Rehabilitation Act, 29 U.S.C. §§ 701–96 (2000); and (2) he suffered an adverse employment action in violation of Title VII by being placed under a "Performance Improvement Plan" in

---

**3.** The defendants also assert that the plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(5) for lack of subject matter jurisdiction, personal jurisdiction, and venue. However, this Court need not address

these arguments because it conclude that dismissal is appropriate on other grounds.

**4.** The nature of the plaintiff's alleged disability is unclear from what is set forth in the complaint.

retaliation for complaining to the DOE's Equal Employment Opportunity Office ("EEO"). *See Rockefeller*, 23 Fed.Appx. 893. The plaintiff then amended his complaint to include an allegation that he was improperly removed from his employment for engaging in whistle-blowing activities, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) (2000). *See Rockefeller*, 23 Fed.Appx. 893. The plaintiff later filed another complaint, which was consolidated with his amended complaint, wherein he alleged that the DOE violated the ADA and Rehabilitation Act by intimidating his physicians in an effort to prevent him from receiving proper treatment. *Id.*

While the plaintiff's case was pending before the District Court of New Mexico, he filed several motions, including a motion to compel production of documents and a motion for the court to accept a 748–page document as self-authenticating. *Id.* The district judge denied the motion to compel on the grounds that it was overly broad and unduly burdensome. The court also denied the motion for the acceptance of the putative self-authenticated document, but instructed the plaintiff to submit for its consideration any parts of the document that he believed would preclude the entry of summary judgment for the defendant. *Id.* The district court awarded summary judgment to the defendant on the ADA and Rehabilitation Act claims on the ground that both acts authorize an employer to request an employee's medical information while a request for an accommodation due to a claimed disability is under consideration. *Id.* The court dismissed the plaintiff's remaining claims because (1) section 3730(h) of the FCA does not provide a remedy for discrimination against a federal employee, such as the plaintiff, but rather, is only applicable to a suit by a private person; (2) the court lacked jurisdiction over the MSPB appeal, as only the United States Court of Appeals for the

Federal Circuit has jurisdiction to review MSPB jurisdictional decisions involving mixed claims; and (3) the complaint filed in the district court was untimely. *Id.* at 2–4. The plaintiff appealed the district court's decision to the United States Court of Appeals for the Tenth Circuit, which affirmed the district court's decision and denied the plaintiff's motion for a remand. The plaintiff subsequently filed the complaint that is now before this Court, in which he has named as defendants the district court judge in New Mexico who presided over his case that was filed there and the Tenth Circuit judges who comprised the three-judge panel that affirmed the district judge's rulings.

## II. *Standard of Review: Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.Ct. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C.Cir.1997). The Court may dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

### III. *Legal Analysis*

**(A) *The Plaintiff's Claims Pursuant to 18 U.S.C. §§ 242, 371 for Violations of his Constitutional Rights***

■ The plaintiff brings this *pro se* action against the defendants under 18 U.S.C. §§ 242 and 371 (2000) for alleged violations of the First, Fifth, and Seventh Amendments of the United States Constitution. However, the plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action. *See Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985) (the court held that a private individual could not bring a cause of action under 18 U.S.C. §§ 242 and 371 because there is no private right of action under these federal criminal statutes); *see also Powell v. Kopman*, 511 F.Supp. 700, 704 (S.D.N.Y.1981) (stating that 18 U.S.C. § 242 does not create a private right of action); *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D.Mass.1979) ("With regard to the alleged violations of 18 U.S.C. §§ ... 242[and] ... 371, ... [the] plaintiff has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for violations of these provisions."). Therefore, the Court must dismiss the plaintiff's claims that have been brought pursuant to 18 U.S.C. §§ 242 and 371.

**(B) *The Plaintiff's Claims Pursuant to Title VII***

■ The plaintiff has also filed a claim under Title VII of the United States Code. Title VII makes it unlawful for an employer to discriminate against any of its *employees*. *See* 42 U.S.C. § 2000e. Thus, the determination of whether an individual is an employee is of "crucial significance for those seeking to redress alleged discriminatory actions in federal employment." *Spirides v. Reinhardt*, 613 F.2d 826, 829–30 (D.C.Cir.1979). The analysis used to determine whether an employee-employer relationship exists requires the Court to weigh numerous factors regarding the work relationship. Although no one factor is determinative, the extent of the employer's right to control the "means and manner" of the worker's performance is the most important factor to review. *See Redd v. Summers*, 232 F.3d 933, 938 (D.C.Cir.2000) (quoting *Spirides*, 613 F.2d at 831). The other additional factors for the Court to consider include: (1) the kind of occupation; (2) the skill required; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties. *Id.* at 939. Applying each of these factors to the instant case, it is abundantly clear that the plaintiff has never been an employee of the defendants, but was merely a party to a lawsuit presided over by the defendant judges. Therefore, the Court is compelled to find that the plaintiff has failed to state a claim upon which relief can be granted under Title VII. Accordingly, the plaintiff's Title VII claim must also be dismissed.

**(C) *The Plaintiff's Status as a Pro Se Party and the Liberal Construction of his Complaint***

Although the Court finds that a literal reading of the plaintiff's complaint requires the conclusion that he has failed to

state a claim upon which relief can be granted, because the plaintiff is a *pro se* litigant, his complaint must be construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). For example, in *Dixon v. State of Maryland by Carter,* 261 F.Supp. 746, 747 (D.Md.1966), where the court was faced with a *pro se* complaint alleging a private cause of action pursuant to 18 U.S.C. § 242, the court liberally construed the plaintiff's complaint as asserting a claim for a violation of a Constitutional violation under 42 U.S.C. § 1983 because it recognized that the plaintiff could not pursue a civil claim pursuant to 18 U.S.C. § 242. *Id.; see also Powell,* 511 F.Supp. at 704. Viewing the complaint here even from a liberal perspective, however, does not yield a different result.

### (1) *The Plaintiff is Unable to State a Claim Under 42 U.S.C. § 1983*

 Even if a liberal construction of the plaintiff's complaint permitted the Court to conclude that a claim pursuant to 42 U.S.C. § 1983 was being asserted, the plaintiff would still be unable to state a claim upon which relief can be granted. To establish a claim under section 1983, a plaintiff must prove two elements: (1) "that the defendant deprived him of a right secured by the 'Constitution and laws of the United States'" and (2) "the ... defendant deprived him of this constitutional right under color of ... State [law]." *Adickes v. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, the "[a]ctions of the Federal Government or its officers are exempt from [§ 1983's] proscriptions." *Powell,* 511 F.Supp. at 704 (citing *District of Columbia v. Carter,* 409 U.S. 418, 424–25, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973)). Thus, because all the acts the plaintiff is chal-

lenging were being performed by individuals who were acting in there official capacities as federal government officials, the defendants' acts are exempt from suit under section 1983.

### (2) *The Defendants are Protected by Absolute Immunity*

 The Supreme Court has established two avenues by which public officials may receive immunity from personal liability in a civil action for damages: absolute and qualified immunity. To determine whether an official is entitled to either absolute or qualified immunity depends on the function being performed by that official. *See Forrester v. White,* 484 U.S. 219, 224, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). A public official performing a discretionary function receives qualified immunity in a civil action, provided that his or her conduct does not violate "clearly established federal statutory or constitutional rights" of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). On the other hand, absolute immunity is provided when the plaintiff's claim against the defendant is directly attributable to the defendant's performance of judicial, legislative, or prosecutorial functions. *See Forrester,* 484 U.S. at 227, 108 S.Ct. 538. In *Forrester,* the Supreme Court stated that judges enjoy absolute immunity from personal liability for their judicial or adjudicatory acts. 484 U.S. at 227–28, 108 S.Ct. 538 (1988). *Forrester* described quintessential judicial acts as being those that "involve resolving disputes between parties who have invoked the jurisdiction of a court." *Id.* What distinguishes a judicial act from an administrative act is the character of the act itself, rather than who is making the decision. *Id.* (citations omitted). In addition to the requirement that such officials must act within their judicial capacity to be afforded

absolute immunity, they must also not be doing so in the "clear absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 354–55, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1871)) (granting a judge absolute immunity because he satisfied both requirements of having acted within his judicial capacity in a matter over which he had jurisdiction.). The *Forrester* Court explained that the purpose of absolute immunity is to prevent an influx of "powerful incentives for judges to avoid rendering decisions likely to provoke such suits." 484 U.S. at 227–28, 108 S.Ct. 538 (citations omitted).

In this case, it is clear that the plaintiff is precluded from asserting any claims against the district and circuit judges for the roles they played in the adjudication of the claims he filed in the New Mexico litigation. This is because the judges were clearly acting within their judicial capacity in a matter over which they clearly had proper jurisdiction. The district judge was clearly acting within his judicial capacity when, in connection with addressing issues related to the claims raised in the plaintiff's complaint, the judge, for example, ruled that certain evidence would be" excluded, determined whether the a 748–page document offered by the plaintiff qualified as a self-authenticated document, permitted physicians to view plaintiff's medical history, determined which statute of limitations was applicable to the case, dismissed a claim for lack of jurisdiction, and disallowed a private claim because it

had been filed under the FCA. Likewise, the circuit judges were also acting within their judicial capacity when they reviewed the district court's decisions. These actions were taken in an effort to resolve a legal dispute that had been initiated by the plaintiff, and therefore, are clearly within the quintessential definition of judicial acts as defined in *Forrester*. In addition, it is undisputed that both the District Court, under 28 U.S.C. § 1331 (2000),[5] and the Circuit Court, under 28 U.S.C. § 1291 (2000),[6] acted within their jurisdiction when they performed the acts being challenged by the plaintiff in the lawsuit now before this Court. Accordingly, all of the defendant judges are entitled to absolute immunity, and are therefore shielded from any civil liability for the acts they performed.

## IV. *Conclusion*

In view of the foregoing analysis, the plaintiff's claims against the defendants must be dismissed because they fail to state any claims upon which relief can be granted.[7]

## *ORDER*

Upon consideration of the defendants' motion to dismiss, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendant's motion to dismiss is **GRANTED.**

---

5. Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff's claims for violations of the ADA, Rehabilitation Act, and Title VII, that he pursued in the New Mexico court were clearly claims arising under federal law.

6. 28 U.S.C. § 1291 provides that "the courts of appeals... shall have jurisdiction of appeals from all final decisions of the district courts of the United States." There is no dispute that the Tenth Circuit had jurisdiction to review the final decision of the New Mexico district court.

7. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

It is **FURTHER ORDERED** that the above captioned case is **DISMISSED WITH PREJUDICE.**